OPINION
{¶ 1} Defendant-appellant Jimmy Morgan ("Morgan") brings this appeal from the judgment of the Court of Common Pleas of Shelby County denying his motion to vacate the judgment of conviction or sentence.
 {¶ 2} On August 20, 1997, Morgan was convicted by a jury of aggravated murder with a firearm specification. The trial court then sentenced Morgan to 20 years in prison for the aggravated murder with three additional years for the firearm specification. Morgan filed his appeal on August 28, 1997. This court entered judgment affirming the conviction on June 10, 1998. On March 6, 2000, Morgan filed a motion for a new trial, which was denied on May 4, 2000. Morgan appealed that ruling to this court on June 12, 2000. This court affirmed the lower court on November 16, 2000.
 {¶ 3} On August 4, 2004, Morgan filed a petition to vacate the judgment and set aside his sentence. The State filed a motion to dismiss the petition as untimely filed. On August 24, 2004, the trial court entered judgment finding that the petition was untimely and dismissing the petition. It is from this judgment that Morgan appeals and raises the following assignments of error.
[Morgan] was denied the effective assistance of counsel at histrial in violation of the sixth and fourteenth amendments.
 Whether [Morgan's] federal constitutional rights were violatedwhen the trial court incorrectly instructed the jury on "imminentperil" of self-defense claim.
 Violations of [Morgan's] constitutional rights.
 [Morgan] was prejudiced by the erroneous instructions towards imperfectself-defense.
 [Morgan's] due process was violated on the trial court's failure toinstruct the jury on his theory of defense.
 {¶ 4} The State did not file any brief in response to Morgan's.
 {¶ 5} Morgan's assignments of error all deal with errors made at trial. Before any of those assignments of errors may be addressed, a determination must be made whether the trial court had jurisdiction to consider the petition. A petition for post-conviction relief must be filed no later than 180 days from the date the transcript is filed in the court of appeals. R.C. 2953.21(A)(2). The transcripts for the direct appeal were filed on January 5, 1998. Thus, Morgan's petition for post-conviction relief had to be filed by July 6, 1998, in order to be timely.[1] Morgan did not file the petition until 2004, more than six years past the deadline. Therefore, the trial court did not err in dismissing the petition as untimely.
 {¶ 6} Once a court has determined that a petition is untimely, no further inquiry into the merits of the case is necessary. State v.Beaver (1998), 131 Ohio App.3d 458, 722 N.E.2d 978. Additionally, all of the issues raised by Morgan are issues that were raised on direct appeal. Thus, the doctrine of res judicata applies. The assignments of error are overruled.
 {¶ 7} The judgment of the Court of Common Pleas of Shelby County is affirmed.
Judgment affirmed.
 Cupp, P.J., and Shaw, JJ., concur.
[1] This court notes that the 180 day time frame expired on July 4, 1998, which was a holiday and a Saturday. Thus, the next business day for the court would have been July 6, 1998.