The STATE of Ohio, Appellee,

v.

SCHMITT, Appellant.

[Cite as *State v. Schmitt,* 175 Ohio App.3d 600, 2008-Ohio-1010.]

Court of Appeals of Ohio,
Third District, Mercer County.

No. 10–07–13.

Decided March 10, 2008.

602

Andrew J. Hinders, Mercer County Prosecuting Attorney, and Matthew K. Fox, Assistant Prosecuting Attorney, for appellee.

James A. Tesno, for appellant.

ROGERS, Judge.

{¶ 1} Defendant–appellant, Steven Schmitt, appeals the judgment of the Mercer County Court of Common Pleas resentencing him to notify him of postrelease control. On appeal, appellant asserts that the trial court could not impose postrelease control at a later date; that when postrelease control is not imposed during the original sentencing, a defendant is not subject to postrelease control; that if postrelease control may be imposed at a later date, the trial court must conduct a new sentencing hearing; that the state waived the issue of postrelease control by failing to appeal it; and that R.C. 2929.191 violates the one-subject rule. Based on the following, we affirm in part and reverse in part, and we remand the cause to the trial court.

{¶ 2} In April 2005, the Mercer County Grand Jury indicted Schmitt for one count of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree, and one count of felonious assault in violation of R.C. 2903.11(A)(1), also a felony of the second degree. Schmitt entered a plea of not guilty to both counts.

{¶ 3} In June 2005, Schmitt withdrew his not-guilty plea and entered a negotiated plea of guilty to the second felonious assault count in exchange for a dismissal of the first count.[1]

---

1. We note that while the trial court's judgment entry of conviction and Schmitt's appellate brief provide that Schmitt entered a plea of guilty, the waiver of constitutional rights,

{¶ 4} In August 2005, the trial court sentenced Schmitt to a four-year prison term. The trial court failed to include any information about postrelease control in its judgment entry of sentencing.

{¶ 5} In March 2006, the trial court sua sponte issued a nunc pro tunc entry, in which it provided that Schmitt "may be required to serve a period of postrelease control under the supervision of the parole board."

{¶ 6} In April 2006, the trial court rescinded its March 2006 nunc pro tunc entry, noting that it had reviewed the sentencing hearing record and determined that it had failed to notify Schmitt about postrelease control at that time.

{¶ 7} In May 2007, Schmitt moved for judicial release and requested a hearing.

{¶ 8} In June 2007, the trial court held a judicial-release hearing and denied judicial release. At the hearing, the state orally moved the trial court to notify Schmitt about postrelease control pursuant to R.C. 2929.191, which the trial court granted over Schmitt's objection. The trial court then proceeded to notify Schmitt of postrelease control following his release from prison and the ramifications of violating it.

{¶ 9} In July 2007, the trial court issued a judgment entry correcting the judgment of conviction concerning postrelease control.

{¶ 10} It is from this judgment that Schmitt appeals, presenting the following assignments of error for our review.

### Assignment of Error No. I

If a trial court does not advise a defendant at sentencing that post release control is or may be imposed, it may not do so at a later date.

### Assignment of Error No. II

When a trial court does not impose post release control at sentencing, the appropriate action is to rule that the defendant is not subject to post release control.

### Assignment of Error No. III

If a trial court is authorized to impose post release control at a later time when it failed to do so at the original sentencing, the proper procedure is a new, complete sentencing hearing.

stipulation of facts, and the negotiated plea agreement all signed by Smith explicitly state that he entered a plea of no contest. On remand, the trial court must investigate this discrepancy to determine whether Schmitt did, in fact, enter a no-contest plea and, if so, reflect this in the judgment entry it issues pursuant to our disposition of Schmitt's third assignment of error.

*Assignment of Error No. IV*

If no direct appeal of the original sentencing of appellant was taken by the state, it may not now ask the court to impose post release control.

*Assignment of Error No. V*

ORC 2929.191 is unconstitutional for violation of the single subject Rule 11 [sic] of the Ohio Constitution and in violation of the Due Process and Double Jeopardy Clauses of the United States and Ohio Constitutions.

{¶ 11} Due to the nature of Schmitt's assignments of error, we elect to address his assignments of error out of order and his first and second assignments of error together.

*Assignments of Error Nos. I and II*

{¶ 12} In his first assignment of error, Schmitt asserts that if a trial court fails to notify a defendant about postrelease control at the time of the original sentencing, it may not do so at a later date. In his second assignment of error, Schmitt asserts that when a trial court fails to notify a defendant of postrelease control during the original sentencing, the appropriate action is to rule that the defendant is not subject to postrelease control. Essentially, Schmitt argues that the trial court's imposition of postrelease control at a later date violated finality-of-sentencing and double-jeopardy principles and that resentencing him post-*Foster* violated his due-process rights. We disagree.

{¶ 13} Generally, "[o]nce a sentence has been executed, the trial court loses jurisdiction to amend or modify the sentence." *State v. Carr*, 3d Dist. Nos. 14–05–48 to 14–05–50, 2006-Ohio-3073, 2006 WL 1667982, ¶ 3, citing *State v. Garretson* (2000), 140 Ohio App.3d 554, 748 N.E.2d 560; see also *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18. However, trial courts do retain jurisdiction over their own final judgments in criminal cases under the following exceptions: (1) to correct a void sentence, see *Cruzado*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263 at ¶ 19, and *Garretson*, 140 Ohio App.3d at 559, 748 N.E.2d 560, citing *State v. Beasley* (1984), 14 Ohio St.3d 74, 75, 14 OBR 511, 471 N.E.2d 774, and (2) to correct clerical errors in judgment. *Cruzado*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263 at ¶ 19; *Garretson*, 140 Ohio App.3d at 559, 748 N.E.2d 560; Crim.R. 36.

{¶ 14} R.C. 2929.14(F)(1) provides that if a court imposes a prison term for a felony, the sentence shall include a requirement that the offender be subject to a period of postrelease control after the offender's release from imprisonment. R.C. 2929.19(B)(3) requires that the sentencing court notify the offender that the offender will be supervised under R.C. 2967.28 after the offender leaves prison.

The Supreme Court of Ohio has interpreted these provisions as requiring a trial court to give notice of postrelease control both at the sentencing hearing and by incorporating it into the sentencing entry. *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus. The trial court must do so regardless of whether the term of postrelease control is mandatory or discretionary. Id. at paragraph two of the syllabus; *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 18.

{¶ 15} Further, the court has held that a trial court's failure to properly notify an offender about postrelease control is contrary to law and constitutes a void sentence and, therefore, falls under the first exception noted above. *Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, at ¶ 25; *Cruzado*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263 at ¶ 20. Consequently, "where a sentence is void because it does not contain a statutorily mandated term, the proper remedy is * * * to resentence the defendant." *Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864 at ¶ 23. However, a trial court's authority to resentence an offender to give the required notice of postrelease control is limited to situations where the offender's sentence has not yet expired. *Cruzado*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263 at ¶ 28; *Hernandez*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301 at ¶ 31–32.

{¶ 16} Moreover, such a resentencing does not violate finality or double-jeopardy restraints, because jeopardy does not attach to a void sentence. *Jordan*, 104 Ohio St.3d 21, 2006-Ohio-6085, 817 N.E.2d 864 at ¶ 25, citing *State v. Beasley* (1984), 14 Ohio St.3d 74, 75, 14 OBR 511, 471 N.E.2d 774 ("trial court's correction of a statutorily incorrect sentence did not violate appellant's right to be free from double jeopardy"). Thus, " 'an invalid sentence for which there is no statutory authority is * * * a circumstance under which there can be no expectation of finality' to trigger the protections of the Double Jeopardy Clause." *State v. Ramey*, 10th Dist. No. 06AP–245, 2006-Ohio-6429, 2006 WL 3518010, at ¶ 16, quoting *State v. McColloch* (1991), 78 Ohio App.3d 42, 46, 603 N.E.2d 1106.

{¶ 17} In response to the Supreme Court of Ohio's holdings above, the General Assembly enacted R.C. 2929.191,[2] which applies in cases where the original sentencing occurred prior to the statute's effective date, July 11, 2006, and where

---

**2.** We note that the General Assembly also amended R.C. 2967.28, 2929.14(F), and 2929.19(B)(3)(c) through (e), to provide that on or after July 11, 2006, a trial court's failure to notify an offender about postrelease control at sentencing or in the sentencing entry "does not negate, limit, or otherwise affect" either a mandatory period of postrelease control or the parole board's authority to impose a prison term when postrelease control is discretionary. However, these amendments do not apply here, given that Schmitt's original sentencing was prior to July 11, 2006.

the trial court failed to properly notify the offender of postrelease control at the time of the original sentencing. R.C. 2929.191 provides:

(A)(1) If, prior to the effective date of this section, a court imposed a sentence including a prison term of a type [requiring mandatory post-release control] and failed to notify the offender pursuant to that division that the offender will be supervised under [R.C. 2967.28] after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence pursuant to [R.C. 2929.14(F)(1) ], at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under [R.C. 2967.28] after the offender leaves prison.[3]

* * *

(2) If a court prepares and issues a correction to a judgment of conviction as described in division (A)(1) of this section before the offender is released from imprisonment under the prison term the court imposed prior to the effective date of this section, the court shall place upon the journal of the court an entry nunc pro tunc [4] to record the correction to the judgment of conviction and shall provide a copy of the entry to the offender or, if the offender is not physically present at the hearing, shall send a copy of the entry to the department of rehabilitation and correction for delivery to the offender.[5] * * * The court's placement upon the journal of the entry nunc pro tunc before the offender is released from imprisonment under the term shall be considered, and shall have the same effect, as if the court at the time of original sentencing had included the statement in the sentence and the judgment of conviction entered on the journal and had notified the offender that the offender will be so supervised

---

**3.** R.C. 2929.191(A)(1) also includes a nearly identical paragraph pertaining to discretionary postrelease control.

**4.** We note that the requirement under R.C. 2929.191(A)(2) that a trial court issue an entry nunc pro tunc is technically incorrect because " 'nunc pro tunc entries "are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided." ' " *Cruzado,* 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263 at ¶ 19, quoting *State ex rel. Mayer v. Henson,* 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 14, quoting *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 164, 656 N.E.2d 1288.

**5.** Although not pertinent here, Crim.R. 43(A) requires that defendants be present at every stage of their criminal proceedings, including imposition of their sentences. See, e.g., *State v. Haymon,* 5th Dist. No. 2005CA00163, 2006-Ohio-3296, 2006 WL 1756431; *State v. Caudill,* 5th Dist. No. 04COA58, 2005-Ohio-970, 2005 WL 519011; *Columbus v. Rowland* (1981), 2 Ohio App.3d 144, 2 OBR 158, 440 N.E.2d 1365. Additionally, at least one court has found that sentencing via videoconferencing does not constitute sufficient presence under Crim.R. 43(A). See *State v. Moore,* 8th Dist. No. 86244, 2006-Ohio-816, 2006 WL 439961.

regarding a sentence [requiring mandatory post-release control] or that the offender may be so supervised regarding a sentence [requiring discretionary post-release control].

* * *

(C) On and after the effective date of this section, a court that wishes to prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) or (B)(1) of this section shall not issue the correction until after the court has conducted a hearing in accordance with this division. Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing * * *. At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction.

Thus, under R.C. 2929.191, a court retains its authority to conduct a resentencing hearing and issue a corrective entry before the offender is released from prison in order to correct a sentence that is void for failing to appropriately notify an offender about postrelease control.

{¶ 18} Here, Schmitt was convicted of one count of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree, and was sentenced to a four-year prison term. Accordingly, the trial court was required to notify Schmitt that he would be subjected to a mandatory three-year period of postrelease control. R.C. 2967.28(B)(2). The trial court originally sentenced Schmitt prior to July 11, 2006, failed to notify Schmitt about postrelease control during the sentencing hearing or in its subsequent judgment entry, and conducted a resentencing hearing before his prison term expired. Although Schmitt argues that the trial court could not resentence him because it failed to notify him both at the original sentencing hearing and in its subsequent judgment entry, the Supreme Court of Ohio has not applied such a limitation. In fact, in *Hernandez,* supra, the trial court failed to notify the defendant about postrelease control both during the sentencing hearing and in the sentencing entry. However, the court took no issue with resentencing in such a situation; instead, the court focused entirely on the timing of the resentencing, holding that it was barred because the defendant's prison term had expired. Whether the trial court fails to notify a defendant at the sentencing hearing, in the subsequent judgment entry, or both, the effect is the same—the sentence is void for failing to comply with statutory requirements governing postrelease control. Thus, based on R.C. 2929.191 and Supreme Court of Ohio precedent, we find that the trial court had the authority to conduct the June 2007 hearing to notify Schmitt of postrelease control and to issue its subsequent corrective entry. We also find that doing so did not violate finality-of-sentencing or double-jeopardy principles.

{¶ 19} Alternatively, Schmitt argues that resentencing him after *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, would violate his due-process rights and that he may withdraw his guilty plea if he so chooses. *Foster* addressed constitutional issues concerning felony sentencing and held that portions of Ohio's felony sentencing framework requiring judicial findings before imposition of more than the minimum, maximum, and consecutive sentences were unconstitutional and void. 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470 at ¶ 100. However, this court has held on numerous occasions that applying *Foster* on a remand for resentencing does not violate due process. See *State v. McGhee*, 3d Dist. No. 17–06–05, 2006-Ohio-5162, 2006 WL 2796275, ¶ 14–20, and subsequent cases citing it. Moreover, the statutory sentencing range for second-degree felonies has not changed, see R.C. 2929.14(A)(2), and the presumption of vindictiveness principles regarding increased sentences still apply to cases on remand for resentencing. See *State v. Troglin*, 3d Dist. No. 14–06–57, 2007-Ohio-4368, 2007 WL 2410096, at ¶ 21. Moreover, Schmitt's assertion that he could withdraw his guilty plea if he so chooses is purely speculative at this juncture.

{¶ 20} Accordingly, we overrule Schmitt's first and second assignments of error.

### *Assignment of Error No. IV*

{¶ 21} In his fourth assignment of error, Schmitt asserts that the trial court may not impose postrelease control at a later date unless the state directly appeals the original sentence. Specifically, Schmitt contends that the state waived the issue by failing to raise it on direct appeal pursuant to *Foster*, supra. We disagree.

{¶ 22} We note at the outset that *Foster* is inapplicable to Schmitt's argument because it only briefly addressed the issue of waiver and rejected the state's argument that Foster had waived an issue. See 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470 at ¶ 30–33. Presumably, Schmitt meant to cite the Supreme Court of Ohio's recent decision in *State v. Payne*, wherein the court explained that in certain situations, a sentence cannot be set aside unless successfully challenged on direct appeal. 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, at ¶ 28. However, Schmitt's reliance on this principle is misplaced. *Payne* held that a defendant's failure to object at trial to a sentence that violates *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, forfeits the issue on appeal.[6] Id. at paragraph one of the syllabus. In doing so, the court

---

6. The court also emphasized that a waiver and a forfeiture are not interchangeable and that a waiver is an "intentional relinquishment or abandonment of a right," whereas a forfeiture is "a failure to preserve an objection." *Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306 at ¶ 23. Forfeiture is the appropriate term in this case.

explained that the defendant's sentence was merely voidable, not void, and that voidable sentences can be set aside only if successfully challenged on direct appeal. Id. at ¶ 28. Conversely, a sentence imposed contrary to a statute is void ab initio. Id. at ¶ 29, fn. 3.

■■ {¶ 23} In the case sub judice, it is clear that a trial court's failure to notify a defendant about postrelease control at the time of the original sentencing as statutorily mandated renders the sentence void. See *Jordan,* 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864 at ¶ 25, and its progeny. Thus, the state's failure to appeal an illegal or void sentence does not negate the trial court's duty to impose sentences according to law or to resentence a defendant to correct a void sentence. *Ramey,* 2006-Ohio-6429, 2006 WL 3518010 at ¶ 12, citing *State v. Thomas* (1996), 111 Ohio App.3d 510, 512, 676 N.E.2d 903, appeal not allowed, 77 Ohio St.3d 1469, 673 N.E.2d 135; see also *State v. Creager,* 12th Dist. No. 2007–01–007, 2007-Ohio-5188, 2007 WL 2821767, at ¶ 12; *State v. Phillips,* 3d Dist. No. 8–06–14, 2007-Ohio-686, 2007 WL 510131, at ¶ 28. Additionally, R.C. 2929.191 authorizes a court to resentence an offender "at any time before the offender is released from imprisonment" and, therefore, is not limited to doing so only on direct appeal by the state. See, e.g., *State v. Sharpless,* 11th Dist. No. 2006–P–0088, 2007-Ohio-1922, 2007 WL 1175888, at ¶ 40. Because the trial court's failure to notify Schmitt about postrelease control at the time of his original sentencing was void, we find that the state did not forfeit the issue by failing to raise it on direct appeal.

{¶ 24} Accordingly, we overrule Schmitt's fourth assignment of error.

*Assignment of Error No. III*

■ {¶ 25} In his third assignment of error, Schmitt asserts that if the trial court is authorized to impose postrelease control at a later date when it failed to do so at the original sentencing, the proper procedure is a new, complete sentencing hearing. We agree.

{¶ 26} As noted above, R.C. 2929.191(C) requires a trial court to conduct a resentencing hearing in order to notify felony offenders about postrelease control before their prison terms expire. However, in doing so, the General Assembly did not specify whether the resentencing hearing was to be a de novo resentencing of the entire sentence or whether addressing the sole issue of postrelease control would suffice. Thereafter, the Supreme Court of Ohio clarified the issue by holding that "when a trial court fails to notify an offender that he may be subject to postrelease control at a sentencing hearing * * *, the sentence is void; the sentence must be vacated and the matter remanded to the trial court for resentencing. The trial court must resentence the offender as if there had been

no original sentence." *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, at ¶ 16.

{¶ 27} Here, the trial court conducted a resentencing hearing pursuant to R.C. 2929.191(C) before issuing its corrective judgment entry. However, the trial court failed to conduct a new and complete resentencing hearing as required under *Bezak*. Instead, the trial court merely advised Schmitt that he would be subject to postrelease control and memorialized it in the subsequent July 2007 corrective entries. Thus, we find that the trial court was required to conduct a new, complete resentencing hearing and erred in failing to do so.

{¶ 28} Moreover, we note that R.C. 2929.191 requires a trial court, prior to conducting a resentencing hearing, to "provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing." R.C. 2929.191(C). In the case sub judice, the trial court did not provide Schmitt with notice of a resentencing hearing regarding postrelease control. Instead, the trial court granted the state's oral motion to notify Schmitt of postrelease control during Schmitt's hearing on judicial release. Such a procedure was improper and violated the mandates of R.C. 2929.191(C).

{¶ 29} Accordingly, we sustain Schmitt's third assignment of error, vacate the July 2007 corrective entry, and remand the cause to the trial court with instructions to conduct a de novo resentencing hearing before Schmitt's prison term expires in order to impose a new sentence for his offense and to notify him of the mandatory three-year period of postrelease control.

### *Assignment of Error No. V*

{¶ 30} In his fifth assignment of error, Schmitt asserts that R.C. 2929.191 is unconstitutional because it violates the one-subject rule, the Due Process Clause, and the Double Jeopardy Clause of the United States and Ohio Constitutions. Specifically, Schmitt contends that R.C. 2929.191 violates the one-subject rule because it was added onto a bill involving the sealing of juvenile records and that it violates the Due Process and Double Jeopardy Clauses because it increases the punishment for a defendant after the time for appeal has run. We disagree.

{¶ 31} Statutes are presumed to be constitutional. *State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, 773 N.E.2d 502, at ¶ 7. Thus, a court may not declare a statute to be unconstitutional unless it appears beyond a reasonable doubt that "the legislation and constitutional provisions are clearly incompatible." Id., citing *State ex rel. Dickman v. Defenbacher* (1955), 164 Ohio St. 142, 57 O.O. 134, 128 N.E.2d 59, paragraph one of the syllabus.

{¶ 32} The one-subject rule is set forth in Section 15(D), Article II of the Ohio Constitution, which provides that "[n]o bill shall contain more than one

subject, which shall be clearly expressed in its title * * *." The purpose of the one-subject rule is to prevent the tactic of "logrolling," which occurs when legislators combine several distinct proposals into a single bill in order to gain passage, even though no single proposal may have obtained majority approval separately. *State ex rel. Ohio Civ. Serv. Employees Assn., AFSCME, Local 11, AFL–CIO v. State Emp. Relations Bd.*, 104 Ohio St.3d 122, 2004-Ohio-6363, 818 N.E.2d 688, at ¶ 26.

{¶ 33} However, to avoid interference with the legislative process, a court's role in enforcing the one-subject rule is limited. Id. at ¶ 27. Thus, " '[t]he mere fact that a bill embraces more than one topic is not fatal, as long as a common purpose or relationship exists between the topics.' " *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 496, 715 N.E.2d 1062, quoting *Hoover v. Franklin Cty. Bd. of Commrs.* (1985), 19 Ohio St.3d 1, 6, 19 OBR 1, 482 N.E.2d 575. Accordingly, only "a manifestly gross and fraudulent violation of the one-subject provision * * * will cause an enactment to be invalidated." *In re Nowak*, 104 Ohio St.3d 466, 2004-Ohio-6777, 820 N.E.2d 335, at ¶ 54. To determine whether a manifestly gross and fraudulent violation has occurred, courts need not look beyond the unnatural combinations themselves. Instead, " 'an analysis of any particular enactment is dependent upon the particular language and subject matter of the proposal,' rather than upon extrinsic evidence of logrolling, and thus 'an act which contains such unrelated provisions must necessarily be held to be invalid in order to effectuate the purpose of the rule.' " Id. at ¶ 71, quoting *State ex rel. Dix v. Celeste* (1984), 11 Ohio St.3d 141, 143, 145, 11 OBR 436, 464 N.E.2d 153.

{¶ 34} Here, Schmitt first argues that R.C. 2929.191 violates the one-subject rule because it was added onto a bill involving the sealing of juvenile records. The General Assembly enacted R.C. 2929.191 under Am.Sub.H.B. 137, which was titled "Delinquent and Unruly Children—Sealed Records—Post–Release Control Law." The bill contained several procedural and remedial provisions regarding both juvenile and adult criminal-justice issues. Upon reviewing the language of Am.Sub.H.B. 137, we cannot find that the provisions are so unrelated as to constitute a manifestly gross or fraudulent violation of the one-subject rule. Although the bill contains provisions regarding both juvenile-delinquency matters and adult criminal matters, they involve a common theme—criminal-justice matters—and are all procedural or remedial in nature. Thus, we find that R.C. 2929.191 does not violate the one-subject rule.

{¶ 35} Next, Schmitt argues that R.C. 2929.191 violates the Due Process and Double Jeopardy Clauses because it increases the punishment for a defendant after the time for appeal has run. Basically, Schmitt reiterates the same

argument that we rejected in his first and second assignments of error, and we reject it here for the same reasons. Notice of postrelease control is a statutorily mandated term of a sentence, and correction of a void sentence for failure to include such a statutory notice does not somehow enhance the punishment or violate the Constitution. *Sharpless*, 2007-Ohio-1922, 2007 WL 1175888 at ¶ 36. Nor was such a resentencing unforeseeable after *Jordan* and its progeny. *State v. Ryan*, 172 Ohio App.3d 281, 2007-Ohio-3092, 874 N.E.2d 853, at ¶ 19. Indeed, the procedure set forth in R.C. 2929.191 codified, and is basically consistent with, Supreme Court of Ohio precedent on this issue, as recognized with approval in *Cruzado*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263 at ¶ 29. See also *Bezak*, supra.

{¶ 36} Accordingly, we overrule Schmitt's fifth assignment of error.

{¶ 37} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued in his first, second, fourth, and fifth assignments of error, but having found error prejudicial to the appellant herein, in the particulars assigned and argued in his third assignment of error, we affirm in part and reverse in part, and remand the cause to the trial court for further proceedings consistent with this opinion.

Judgment affirmed in part
and reversed in part,
and cause remanded.

Shaw, P.J., and Preston, J., concur.