OPINION *Page 2 
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Defendant-Appellant, Jimmy L. Morgan, appeals the judgment of the Shelby County Court of Common Pleas denying his motion to vacate and set aside his 1997 conviction for aggravated murder. On appeal, Morgan contends that his conviction is void due to improper jury instructions. Finding that Morgan's appeal is untimely and barred by res judicata, we affirm the judgment of the trial court.
 {¶ 3} In August 1997, a jury convicted Morgan of aggravated murder with a firearm specification. The trial court sentenced Morgan to an aggregate twenty-three year prison term. In June 1998, this Court affirmed the conviction and sentence in State v. Morgan, 3d Dist. No. 17-97-22, 1998 WL 323480. In March 2000, Morgan moved for a new trial, which the trial court denied. In November 2000, this Court affirmed the trial court's denial of a new trial in State v. Morgan, 3d Dist. No. 17-00-11, 2000-Ohio-1796. In August 2004, Morgan filed a petition to vacate the judgment and set aside his sentence, which the trial court denied as untimely. In February 2005, this Court affirmed the trial court's denial of that *Page 3 
petition in State v. Morgan, 3d Dist. No. 17-04-11, 2005-Ohio-427. In July 2005, Morgan filed two motions for a new trial, which the trial court denied. In January 2006, this Court affirmed the trial court's denial of those petitions in State v. Morgan, 3d Dist. No. 17-05-26,2006-Ohio-145.
 {¶ 4} In April 2008, Morgan filed a "Motion to Vacate and Set Aside Void Judgment and Sentence and For a Request for Finding of Fact and Conclusion of Law." Morgan's motion contended that his 1997 conviction for murder was void because the trial court erred in instructing the jury. The trial court dismissed Morgan's motion as meritless.
 {¶ 5} It is from this judgment that Morgan appeals, presenting the following pro se assignment of error for our review.
 WHERE RIGHTS SECURED BY THE CONSTITUTION ARE INVOLVED THERE CAN BE NO RULE MAKING OR LEGISLATION WHICH ABROGATES THEM. A JOURNAL ENTRY SHALL BE VOID AT ANY TIME IF THE COURT ACTED REPUGNANT TO THE CONSTITUTION, DEFENDANT MAY ATTACK A VOID JUDGMENT AT ANY TIME, BY MOTION, EVEN AFTER FINAL DETERMINATION, FOR THERE IS NO TIME LIMIT IN WHICH TO ATTACK A VOID JUDGMENT.
 {¶ 6} In his sole assignment of error, Morgan appears to dispute the trial court's denial of his "Motion to Vacate and Set Aside Void Judgment and Sentence and for a Request for Finding of Fact and Conclusion of Law." Specifically, we interpret Morgan's pro se brief as an argument that the trial court *Page 4 
erred in denying his motion to vacate his 1997 conviction for aggravated murder due to improper jury instructions.
 {¶ 7} Before we address Morgan's assignment of error, we must first determine whether the trial court had jurisdiction to consider his motion, which is substantively a petition for postconviction relief.
 {¶ 8} R.C. 2953.21, Ohio's postconviction relief statute, provides "`a remedy for a collateral attack upon judgments of conviction claimed to be void or voidable under the United States or the Ohio Constitution.'"State v. Scott-Hoover, 3d Dist. No. 3-04-11, 2004-Ohio-4804, ¶ 10, quoting State v. Yarbrough, 3d Dist. No. 17-00-10, 2001-Ohio-2351. A petitioner must establish that there has been a denial or infringement of his constitutional rights in order to prevail on a petition for postconviction relief. Id.; R.C. 2953.21(A)(1). Additionally, a postconviction relief hearing is not warranted for claims that were raised or could have been raised on direct appeal, because those claims are barred by res judicata. Yarbrough, supra, citing State v.Reynolds (1997), 79 Ohio St.3d 158. Finally, pursuant to R.C. 2953.21(A)(2), a petition for postconviction relief must be filed no later than one hundred eighty days from the date the transcript is filed in the appellate court.
 {¶ 9} Here, Morgan filed his transcripts for direct appeal on January 5, 1998. Morgan, 2005-Ohio-427, at ¶ 5. Accordingly, as this Court has previously *Page 5 
held, Morgan's petition for postconviction relief must have been filed by July 6, 1998, in order to be timely. Id. As Morgan filed the present petition in 2008, he is untimely by over ten years. Accordingly, the trial court did not err in dismissing his petition.
 {¶ 10} Moreover, although we are not required to inquire into the merits of the case, as the petition is untimely, State v. Beaver (1998),131 Ohio App.3d 458, 464, we note that Morgan already raised the issue of jury instructions in his 1998 appeal. See Morgan, 2005-Ohio-427, at ¶ 6; Morgan, 1998 WL 323480. Consequently, in addition to being untimely, his argument is barred by res judicata. SeeYarbrough, supra.
 {¶ 11} Accordingly, we overrule Morgan's assignment of error.
 {¶ 12} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 SHAW, P.J., and PRESTON, J., concur. *Page 1