OPINION *Page 2 
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Defendant-Appellant, William A. Maag, appeals from the judgment of the Hancock County Court of Common Pleas denying his motion for resentencing. On appeal, Maag argues that the trial court erred in denying his motion for resentencing because his sentence fails to properly include multiple terms of post-release control pursuant to R.C. 2929.14(F)(1) and R.C. 2967.28(B), and because his sentence fails to comply with Crim. R. 32(C), thereby violating his constitutional right to a proper sentence under the law. Finding that Maag's motion is an untimely petition for postconviction relief; that his motion is barred by res judicata; and, that R.C. 2929.14(F)(1) and R.C. 2967.28(B) do not permit imposition of multiple terms of post-release control for each felony conviction, we affirm the judgment of the trial court.
 {¶ 3} In October 2001, Maag was convicted on all counts of a four count indictment, with count one for engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), a felony of the second degree; count two for trafficking in marijuana in violation of R.C. 2925.03(A), (C)(3)(c), a felony of the fourth degree; count three for possession of cocaine, with a major drug offender specification, in *Page 3 
violation of R.C. 2925.11(A), (C)(4)(f), and R.C. 2941.141, a felony of the first degree; and, count four for aggravated burglary in violation of R.C. 2911.11(A)(1), a felony of the first degree.
 {¶ 4} In November 2001, the trial court sentenced him to five years on count one, seventeen months on count two, ten years on count three, and eight years on count four, with the sentences for counts one and two to be served concurrently with each other, but to be served consecutively with the consecutive sentences for counts three and four, for a total prison term of twenty three years. The trial court further imposed one term of mandatory post-release control of up to five years.
 {¶ 5} In December 2001, Maag appealed, and this Court affirmed the judgment of the trial court in its July 2002 decision.
 {¶ 6} In July 2004, Maag filed a pro se application for leave to file a motion for a new trial on account of newly discovered evidence, and, in September 2004, the trial court overruled the application, finding that Maag failed to establish by clear and convincing evidence that he was prevented from filing a timely new trial motion.
 {¶ 7} In November 2004, Maag filed a second pro se application for leave to file a motion for a new trial on account of newly discovered evidence. The trial court again overruled the application in January 2005, finding that Maag failed to *Page 4 
bring forth any additional support for the claims he previously alleged in his prior application.
 {¶ 8} In March 2008, Maag filed a pro se motion for resentencing, alleging that the trial court's November 2001 sentencing entry failed to comply with Crim. R. 32(C) because the trial court was required to impose multiple terms of post-release control due to his multiple felony convictions, instead of one term of post-release control for all convictions.
 {¶ 9} In July 2008, the trial court overruled Maag's motion for resentencing, finding that Maag was specifically advised of the mandatory five-year term of post-release control, and that the trial court complied with State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, and State v. Schmitt, 175 Ohio App.3d 600, 2008-Ohio-1010 in sentencing Maag.
 {¶ 10} It is from this judgment that Maag appeals, presenting the following pro se assignment of error for our review.
 THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT-APPELLANT'S MOTION FOR RESENTENCING, FOR THE SENTENCE DOES NOT CONTAIN A PROPERLY IMPOSED STATUTORILY REQUIRED TERM OF POST-RELEASE CONTROL, THEREBY, MAKING THE COURT'S JUDGMENT INVALID, IRREGULAR, ERRONEOUS-VOID [SIC], AND/OR VOIDABLE.
 {¶ 11} In his sole assignment of error, Maag argues that the trial court erred in overruling his motion for resentencing because the trial court's November 2001 *Page 5 
sentencing entry failed to properly include multiple terms of post-release control. Specifically, Maag contends that R.C. 2929.14(F)(1) and R.C. 2967.28(B) require imposition of a separate term of post-release control for each felony conviction instead of imposition of one term of post-release control for all combined felony convictions, and that a failure to include multiple terms of post-release control violates Crim. R. 32(C) and his constitutional right to a proper sentence under the law.
 {¶ 12} Before addressing the merits of Maag's assignment of error, we must first determine whether the trial court had jurisdiction to decide this motion, which is more properly construed as a petition for postconviction relief pursuant to R.C. 2953.21.
 {¶ 13} A petition for postconviction relief made pursuant to R.C. 2953.21 is a request for "* * * the court to vacate or set aside the judgment or sentence or to grant other appropriate relief" because "* * * there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States[.]" R.C. 2953.21(A)(1)(a). Accordingly, a petitioner must demonstrate there has been a denial or infringement of his constitutional rights to prevail on a petition for postconviction relief. State v. Scott-Hoover, 3d Dist. No. 3-04-11,2004-Ohio-4804, ¶ 10. R.C. 2953.21 requires that all postconviction relief petitions must be *Page 6 
filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment, unless otherwise provided by R.C. 2953.23. R.C. 2953.21(A)(2); State v. Morgan, 3d Dist. No. 17-08-16, 2008-Ohio-5194, ¶ 8.
 {¶ 14} R.C. 2953.23 contains two exceptions which permit a filing of a petition beyond the one hundred eighty-day requirement. The first exception requires the petitioner to demonstrate that he was unavoidably prevented from discovering facts that form the basis of the claim for relief, or that the United States Supreme Court recognized a new federal or state right that applies retroactively to him. The second exception requires the petitioner to demonstrate that the results of DNA testing establish his actual innocence of a felony offense by clear and convincing evidence. State v. King, 3d Dist. No. 2-07-24,2007-Ohio-6233, ¶ 18.
 {¶ 15} Furthermore, any claim in a petition for postconviction relief that was raised or could have been raised on direct appeal will be barred from consideration under the doctrine of res judicata. State v.Yarbrough, 3d Dist. No. 17-2000-10, 2001-Ohio-2351, citing State v.Reynolds, 79 Ohio St.3d 158, 161, 1997-Ohio-304.
 {¶ 16} Here, Maag asserts that, because the trial court did not order a term of post-release control for each felony conviction, the sentence is merely *Page 7 
interlocutory and void, as it fails to conform to the requirements of Crim. R. 32(C), R.C. 2929.14(F)(1), and R.C. 2967.28(B), thereby denying him his constitutional right to a proper sentence under the law. Because Maag asserts that his sentence results in a deprivation of his constitutional rights, we construe his motion as a petition for postconviction relief, thereby requiring him to meet the one hundred eighty-day filing requirement.
 {¶ 17} Here, the transcripts of the trial court proceedings were filed with this Court in February 2002. Accordingly, Maag clearly missed the one hundred eighty-day deadline to file his petition. Moreover, this case does not fall into any of the exceptions permitted for extended filing under R.C. 2953.23, as this case does not deal with DNA evidence, a claim of a new federal or state right enumerated by the United States Supreme Court, or a claim of being unavoidably prevented from discovering facts forming the basis of the petition. As such, the trial court was without jurisdiction to consider Maag's petition for postconviction relief, and this Court need not consider the merits of his appeal. Additionally, his claim of improper sentencing could have been raised in his direct appeal in 2002; therefore, Maag's petition is further barred under res judicata principles.
 {¶ 18} Although we need not address the merits of Maag's appeal, in the interests of justice, we summarily note that R.C. 2929.14(F)(1) and R.C. 2967.28(B) do not permit the trial court to order a term of post-release control for *Page 8 
each separate felony conviction. One term of post-release control for multiple convictions is proper. See State v. Simpson, 8th Dist. No. 88301, 2007-Ohio-4301, ¶ 109 ("There is nothing in R.C. 2967.28 which permits a trial court to impose multiple periods of post-release control for each felony conviction. When offenders are convicted of multiple first-degree felonies, courts shall impose `a mandatory term' of post-release control, set forth in R.C. 2967.28(B)(1), not multiple terms.") As such, the trial court did not violate Crim. R. 32(C) in ordering one five-year term of post-release control for all Maag's felony convictions.
 {¶ 19} Accordingly, we overrule Maag's assignment of error.
 {¶ 20} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed
 WILLAMOWSKI and SHAW, J.J., concur. *Page 1