[Cite as *State v. Maag*, 2011-Ohio-1729.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

   PLAINTIFF-APPELLEE,                CASE NO. 5-10-23

  v.

WILLIAM A. MAAG,                O P I N I O N

   DEFENDANT-APPELLANT.


Appeal from Hancock County Common Pleas Court
Trial Court No. 2001 CR 00047

Judgment Affirmed in Part, Reversed in Part and Cause Remanded

Date of Decision:  April 11, 2011


APPEARANCES:

    *William A. Maag*, Appellant

    *Mark C. Miller* for Appellee

**WILLAMOWSKI, J**.

{¶1} Defendant-Appellant, William A. Maag ("Maag"), pro se, appeals the 2001 decision of the Hancock County Court of Common Pleas denying his motion to vacate his sentence and set aside his 2001 conviction. On appeal, Maag contends that his sentence should be deemed a "nullity and void" because the trial court failed to properly impose postrelease control. For the reasons set forth below, the judgment is affirmed in part and reversed in part.

{¶2} In October 2001, a jury found Maag guilty of: (1) engaging in a pattern of corrupt activity, (2) trafficking in marijuana, (3) possession of cocaine (with a major drug offender specification), and (4) aggravated burglary, with the latter two offenses being felonies of the first degree. In November 2001, the trial court sentenced him to five years on count one, seventeen months on count two, ten years on count three, and eight years on count four, with the sentences for counts one and two to be served concurrently with each other, but to be served consecutively with the consecutive sentences for counts three and four, for a total prison term of twenty-three years. The trial court further imposed five years of mandatory postrelease control. This Court affirmed the decision on appeal. See *State v. Maag*, 3d Dist. No. 5-01-49, 2002-Ohio-3953.

{¶3} In March 2008,[1] Maag filed a pro se motion for resentencing, alleging that the trial court's November 2001 sentencing entry failed to comply with Crim.R. 32(C) because the trial court was required to impose multiple terms of postrelease control, due to his multiple felony convictions, instead of one term of postrelease control for all convictions. The trial court overruled Maag's motion for resentencing, finding that Maag was specifically advised of the mandatory five-year term of postrelease control and that the trial court had complied with applicable law. This Court affirmed the trial court's decision, finding that Maag's motion was an untimely petition for post-conviction relief and that his petition was also barred by res judicata. *State v. Maag*, 3d Dist. No. 5-08-35, 2009-Ohio-90. Although we were not obligated to address the merits of Maag's appeal, in the interests of justice, we stated the following:

> **[W]e summarily note that R.C. 2929.14(F)(1) and R.C. 2967.28(B) do not permit the trial court to order a term of post-release control for each separate felony conviction. One term of postrelease control for multiple convictions is proper. See *State v. Simpson*, 8th Dist. No. 88301, 2007-Ohio-4301, ¶ 109 ("There is nothing in R.C. 2967.28 which permits a trial court to impose multiple periods of postrelease control for each felony conviction. When offenders are convicted of multiple first-degree felonies, courts shall impose 'a mandatory term' of postrelease control, set forth in R.C. 2967.28(B)(1), not multiple terms.") As such, the trial court did not violate Crim.R. 32(C) in ordering one five-year term of postrelease control for all Maag's felony convictions.**

Id. at ¶18.

---

[1] Procedurally, prior to this Maag also filed other post-conviction motions for a new trial and other matters not pertinent to this appeal.

Case No. 5-10-23

{¶4} On March 12, 2010, Maag filed a "Motion to Vacate Sentence and Set Aside Judgment of Conviction." Maag argued that his sentence was void pursuant to *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, because it did not properly impose postrelease control.

{¶5} On June 21, 2010, the trial court overruled Maag's motion, stating that it had reviewed the file as to the issue and had previously ruled on the issue in its July 28, 2008 judgment entry.

> **At that time, the Court found in reviewing the court reporter's notes and a transcript of the defendant's sentencing proceeding held on November 8, 2001, that this Court specifically advised the defendant that he was subject to a mandatory term of postrelease control of five (5) years pursuant to the Ohio statutes as made and provided.**

(June 21, 2010 J.E.) Maag now appeals this decision, raising the following three assignments of error for our review.

### First Assignment of Error

**[Maag's] sentence is void as the trial court did not comply with Crim.R. 32(C).**

### Second Assignment of Error

**The trial court is in error for making the erroneous decision that it could deny [Maag's] 'Motion to Vacate Sentence and Set Aside Judgment of Conviction' by utilizing the court reporter's notes and a transcript of the [Maag's] sentencing proceeding held on November 8, 2001.**

4

**Third Assignment of Error**

**The trial court is in error when it sentenced [Maag] to a term of post release control for the first degree felon<u>ies</u>.  (Emphasis sic.)**

{¶6} In his first two assignments of error, Maag contends that his sentence is "void" because his judgment entry of sentencing stated that "[t]he court has notified the Defendant that post release control is mandatory in this case up to a maximum of five (5) years ***."  (Nov. 8, 2001 J.E., p. 5.)  Maag acknowledges that he was notified that he would have a mandatory term of post release control. What he contests is the "terminology that is used within the Judgment Entry" stating that he would receive "up to" a maximum of five years of postrelease control.  Because a trial court "speaks only through its journal entries," Maag argues that the trial court's reliance on the sentencing and transcript to determine whether or not a proper sentence was imposed was improper.

{¶7} At the sentencing hearing, the trial court correctly complied with the law and properly advised Maag concerning postrelease control:

> **Now I have to advise you as to postrelease control in this particular case.  For the felonies of the first degree, it's a required term of five (5) years of postrelease control sanctions.**

(Nov. 8, 2001 Sentencing Hearing Tr., p. 33.)  However, the judgment entry erroneously used the words "up to," even though Maag's sentence included a definitive term of five years of postrelease control.  Maag is partially correct in his assertion that his judgment entry of sentencing is not completely accurate.

5

However, his entire sentence and conviction is not "void" and it does not have to be vacated and remanded.

{¶8} A recent decision by the Supreme Court of Ohio has modified the holding in *State v. Bezak* and has clarified the extent of review that is required when a trial court does not properly impose postrelease control. See *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. When postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void, but "only the offending portion of the sentence is subject to review and correction." Id. at ¶27. The doctrine of "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." Id. at paragraph three of the syllabus.

{¶9} Therefore, any new sentencing hearing to which an offender might be entitled to "is limited to proper imposition of postrelease control." Id. at ¶29. Furthermore, while a remand for new sentencing might be one option, "R.C. 2953.08(G)(2) also provides that an appellate court may 'increase, reduce *or* otherwise modify a sentence ***.'" (Emphasis sic.) Id. The Ohio Supreme Court pointed out that "[c]orrecting a defect in a sentence without a remand is an option that has been used in Ohio and elsewhere for years in cases in which the original sentencing court, as here, had no sentencing discretion." Id. Such a correction

without remanding for resentencing "can provide an equitable, economical, and efficient remedy for a void sentence." Id. at ¶30.

{¶10} Notwithstanding the invitation of the Supreme Court to the Court of Appeals to issue an appellate judgment of partial sentencing, we elect to continue what we believe to be the better practice of maintaining all aspects of the sentence within a single judgment of sentence. Therefore, based on the authority of R.C. 2953.08(G)(2) and *State v. Fischer*, we hereby remand this case to the trial court with instructions to modify the terminology in Maag's November 8, 2001 Judgment Entry of Sentencing to state that his sentence includes five years of mandatory postrelease control. The remaining sentencing terms are not affected by this decision.

{¶11} In his third assignment of error, Maag complains that the trial court only imposed *one* term of postrelease control, even though his sentence included *two* first-degree felonies. Maag raised this exact same issue in his previous appeal. See *State v. Maag,* 2009-Ohio-90, supra. Not only is the issue barred by res judicata, again, but we did address the issue in the previous case and explained why the single term of postrelease control is lawful. See id. at ¶18. Maag's third assignment of error is without merit and is overruled.

{¶12} Accordingly, we affirm the judgment of the trial court denying appellant's motion to vacate sentence and set aside judgment of conviction. We also remand this case to the trial court with instructions to modify the trial court's

7

sentencing judgment entry of November 8, 2011, to state that his sentence includes five years of mandatory postrelease control.

*__Judgment Affirmed in Part,__*
*__Reversed in Part and Cause Remanded__*

**ROGERS, P.J., and SHAW, J., concur.**