[Cite as *State v. Jones*, 2011-Ohio-2799.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 96037

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROBERT JONES

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-487528 and CR-492522

**BEFORE:**   Kilbane, A.J., Stewart, J., and Boyle, J.

RELEASED AND JOURNALIZED:     June 9, 2011

ATTORNEY FOR APPELLANT

James A. Jenkins
2000 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113

ATTORNEYS FOR APPELLEE

William D. Mason
Cuyahoga County Prosecutor
Thorin O. Freeman
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, A.J.:

{¶ 1}   In this delayed appeal, defendant-appellant, Robert Jones, appeals from the orders of the trial court that denied his motions to vacate his sentences in Case Nos. CR-487528 and CR-492522.   For the reasons set forth below, we affirm.

{¶ 2}   On October 24, 2006, defendant was indicted in Case No. CR-487528 for drug trafficking, in violation of R.C. 2925.03; possession of drugs, in violation of R.C. 2935.11;

and possession of criminal tools, in violation of R.C. 2923.24. On February 23, 2007, defendant was indicted in Case No. CR-492522 for drug trafficking, in violation of R.C. 2925.03; having a weapon while under disability, in violation of R.C. 2923.13; and possession of criminal tools, in violation of R.C. 2923.24.

{¶ 3} On May 3, 2007, in Case No. CR-487528, defendant pled guilty to a fourth degree felony drug offense and possession of criminal tools, a fifth degree felony. On the same date, in Case No. CR-492522, he pled guilty to a fifth degree felony drug offense and having a weapon while under disability, a third degree felony.

{¶ 4} On May 30, 2007, the trial court sentenced defendant in both matters. In Case No. CR-492522, he was sentenced to a total of two years of imprisonment. In Case No. CR-487528, defendant was sentenced to two concurrent ten-month terms of imprisonment, to be served consecutively to the sentence imposed in Case No. CR-492522. At this time, the court advised defendant that he "may be placed on postrelease control. * * * If you * * * violate any conditions the parole board may place you on, they can return you to prison to serve more time." (Tr. 12.) In its journal entry the court noted "postrelease control is part of this sentence for 3 years for the above felony(s) under R.C. 2967.28."

{¶ 5} According to the State, defendant's "prison sentence expired sometime in 2009."

**{¶ 6}** On July 2, 2010, defendant filed a pro se motion to vacate his sentence in Case No. CR-492522, and his counsel also filed a motion to vacate his sentence. On the same day, defendant's counsel filed the same motion in Case No. CR-487528. In these motions, defendant complained that the trial court did not notify him at the time of sentencing of the specific term that could be imposed for violating the conditions of postrelease control, and the court also failed to incorporate that notice into the sentencing journal entry.

**{¶ 7}** In a supplemental motion filed in both matters on August 24, 2010, defendant maintained that because he had completed his entire sentence, the sentences had to be vacated under *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301.

**{¶ 8}** The trial court denied the motions in both matters, and defendant now appeals and assigns one error for our review:

> **"The trial court abused its discretion in denying Appellant's motion to vacate sentence where there was inadequate explanation of his postrelease control rights at the time of sentencing."**

**{¶ 9}** Defendant maintains that his entire sentence is void and must be vacated. The State argues that defendant's motions to vacate his sentence are in fact petitions for postconviction relief and that they were untimely pursuant to R.C. 2953.21. We reject the State's assertion. This court disapproved the same argument in *State v. Pesci*, Cuyahoga App. No. 94904, 2011-Ohio-1058, and noted that a reviewing court has an obligation to recognize void sentences, vacate them, and order resentencing if appropriate to do so.

{¶ 10} With regard to defendant's sentence, we note that in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the Ohio Supreme Court held that where postrelease control was erroneously imposed, resentencing is limited to proper imposition of postrelease control. However, where the defendant has completed his sentence, the trial court may not hold a new sentencing hearing to remedy defectively imposed postrelease control. *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568. The trial court's authority to resentence an offender to give the required notice of postrelease control is limited to situations where the offender's sentence has not yet expired. *State v. Schmitt*, 175 Ohio App.3d 600, 2008-Ohio-1010, 888 N.E.2d 479; *State v. Watt*, 175 Ohio App.3d 613, 2008-Ohio-1009, 888 N.E.2d 489.

{¶ 11} In *State v. Pesci*, Cuyahoga App. No. 94904, 2011-Ohio-1058, this court explained:

> **"Because Pesci's sentences had expired by the time he filed his motions to vacate, the trial court was without authority to resentence him. Once an offender has served the prison term ordered by the trial court, he or she cannot be subject to resentencing in order to correct the trial court's failure to properly impose postrelease control."**

{¶ 12} The *Pesci* court further held that the portion of the sentence that did not pertain to postrelease control remained in effect and "only the void part of the sentence is vacated, not the entire sentence." Accord *State v. Harris*, Cuyahoga App. No. 95097, 2011-Ohio-1072 (noting that if the defendant's sentence has expired and he has been released from custody,

postrelease control cannot be imposed); cf. *State v. Hayden*, Cuyahoga App. No. 94955, 2011-Ohio-616 (resentencing to add postrelease control was affirmed where the trial court held resentencing hearing solely on the issue of postrelease control and hearing).

{¶ 13} In this matter, defendant's sentences had expired by the time he filed his motions to vacate; therefore, the trial court was without authority to resentence him. Once an offender has served the prison term ordered by the trial court, he or she cannot be subject to resentencing in order to correct the trial court's failure to properly impose postrelease control. We conclude that even if the trial court failed to advise defendant at his plea hearings regarding postrelease control, he has completed his sentences and is not subject to postrelease control. *Pesci.* Accordingly, the assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

MELODY J. STEWART, J., and
MARY J. BOYLE, J., CONCUR