DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes from a judgment issued by the Lucas County Court of Common Pleas which was issued in an attempt to comply with R.C.2929.19 and 2929.191 to provide notice of the imposition of post-release control. Because we conclude that the trial court had no authority to issue the nunc pro tunc judgment, we reverse. *Page 2 
 {¶ 2} On September 27, 2004, appellant, Lonny Bristow, pled guilty to assault, in violation of R.C. 2903.13, a felony of the fifth degree. The charges stemmed from an incident which occurred during appellant's incarceration in the Ohio Department of Rehabilitation and Corrections ("ODRC") for another conviction. Appellant was sentenced to six months incarceration at ODRC for the assault conviction, which was to run concurrently with the other sentence then being served.
 {¶ 3} At the time appellant was sentenced, although the trial court's judgment entry states that appellant was given "notice under 2929.19(B)(3)," the judgment did not specifically include a statement that, after serving his sentence, appellant would be supervised on post-release control under R.C. 2967.28. On June 26, 2006, the trial court issued a nunc pro tunc entry "correcting the entry filed September 27, 2004. Entry should reflect Post Release Control Notice was given pursuant to R.C. 2929.19(B)(3)."
 {¶ 4} Appellant appeals from the entry of the nunc pro tunc judgment, arguing two assignments of error:
 {¶ 5} "First Assignment of Error
 {¶ 6} "The trial court committed reversible and prejudicial error in issuing a nunc pro tunc sentencing entry to sentence appellant to post-release control as a nunc pro tunc entry cannot be used to make substantial changes in judgments; thereby denying appellant's right to due process under the U.S. Constitution. *Page 3 
 {¶ 7} "Second Assignment of Error:
 {¶ 8} "The trial court committed reversible and prejudicial error in sentencing appellant to post-release control because it was not part of appellant's plea agreement; thereby denying appellant his right to due process under the U.S. Constitution."
 {¶ 9} Appellant argues in his first assignment of error that the trial court erred in changing his sentence by using a nunc pro tunc judgment entry. We agree, but for different reasons than those argued by appellant.
 {¶ 10} Trial courts retain the authority to correct void sentencing orders, State v. Garretson (2000), 140 Ohio App.3d 554, 559, provided that the defendant has not served out the term of his sentence.Hernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, ¶ 28, 30, 32. Once a defendant's journalized sentence has expired, however, resentencing is no longer an option. Id.
 {¶ 11} On June 11, 2006, R.C. 2929.191 became effective and provided that a nunc pro tunc judgment entry could be used to correct "void" judgment entries that did not provide adequate notice of post-release control. R.C. 2929.191(A) stated, in pertinent part, that:
 {¶ 12} "If, prior to the effective date of this section, a court imposed a sentence including a prison term of a type described in division (B)(3)(d) of section 2929.19 of the Revised Code and failed to notify the offender pursuant to that division that the offender may be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the *Page 4 
journal or in the sentence pursuant to division (F)(2) of section2929.14, at any time before the offender is released from imprisonmentunder that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender may be supervised under section 2967.28 of the Revised Code after the offender leaves prison." R.C. 2929.191(A)(1). (Emphasis added.) This section was created to ensure compliance with changes in sentencing statutes. Hernandez, supra, at ¶ 31-32. "The goal [of truth-in-sentencing statutes] is that when the prosecutor, the defendant, and victims leave the courtroom following a sentencing hearing, they know precisely the nature and duration of the restrictions that have been imposed by the trial court on the defendant's personal liberty. * * *'" State ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353,2006-Ohio-5795, ¶ 24, quoting Hernandez, 108 Ohio St.3d 395,2006-Ohio-126, ¶ 31-32.
 {¶ 13} In this case, the record indicates that the trial court did inform appellant at his original sentencing hearing that he would be subject to post release control, but did not specify the duration. In addition, the original judgment entry contains no specific statement indicating that appellant would be subject to post-release control. After R.C. 2929.191 went into effect, the trial court attempted to correct the original September 2004 "void" judgment entry by issuing a nunc pro tunc judgment entry. Nothing in the record, however, indicates that the trial court conducted a hearing as required by R.C.2929.191(C). *Page 5 
 {¶ 14} Furthermore, under the facts of this case, we conclude that the post-release correction statute was no longer applicable. Although appellant may have remained incarcerated on another conviction, the nunc pro tunc entry was issued approximately 14 months after appellant's six month sentence for the assault conviction had been completed. Consequently, appellant was no longer being held in prison under that charge and the trial court had no authority to correct the initial judgment entry. Therefore, the trial court erred in issuing the June 26, 2006 judgment entry to impose post-release control.
 {¶ 15} Accordingly, appellant's first assignment of error is well-taken. His second assignment of error is moot.
 {¶ 16} The judgment of the Lucas County Court of Common Pleas is reversed and vacated. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 6 
Mark L. Pietrykowski, P.J., JUDGE
Arlene Singer, J., JUDGE
 William J. Skow, J., JUDGE CONCUR. *Page 1