DECISION. *Page 2 
{¶ 1} On July 1, 1998, the Hamilton County Court of Common Pleas sentenced defendant-appellant Ronald Ferrell to six years in prison. The court failed to properly inform him of post-release control. On September 1, 1998, in a different case, the Butler County Court of Common Pleas sentenced Ferrell to five years' incarceration and made this sentence consecutive to Ferrell's Hamilton County sentence. On October 24, 2007, Ferrell was returned to the Hamilton County Court of Common Pleas under R.C. 2929.191 so that he could be resentenced. He objected on the grounds that Hamilton County had no jurisdiction to sentence him since he had already served his six-year term, and since he was imprisoned only on the Butler County charges. The trial court proceeded over his objection, reasoning that the Hamilton County and Butler County sentences were indistinguishable. Ferrell now appeals.
 {¶ 2} In his first assignment of error, Ferrell claims that the trial court was without jurisdiction to sentence him. He is correct.
 {¶ 3} R.C. 2929.191(A)(1) allows an offender to be returned to court for re-sentencing to include proper post-release control notification "at any time before the offender is released from imprisonment underthat term * * * [emphasis added]." There in no doubt in this case that Ferrell's 1998 six-year Hamilton County sentence had expired by 2007. It did not "merge" with the Butler County sentence. The Butler County sentencing entry clearly stated that "[s]aid sentence imposed herein shall be served consecutive to Hamilton County Case no. B9802678." There is no statutory support, nor is there case law, indicating that two separate sentences from two different counties, entered months apart and ordered to run consecutively, are *Page 3 
tantamount to one aggregate sentence. According to the plain language of R.C. 2929.191 and the Ohio Supreme Court case of State v.Bezak, [1] the trial court did not have jurisdiction to resentence Ferrell. We sustain Ferrell's first assignment of error.
 {¶ 4} Ferrell's second assignment of error challenging the constitutionality of R.C. 2929.191 is moot, and we therefore decline to address it.[2]
 {¶ 5} In sum, the trial court's sentence entered "nunc pro tunc" is hereby vacated. Ferrell is not subject to post-release control in this case.
Sentence vacated.
PAINTER, P.J., and CUNNINGHAM, J., concur.
[1] 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 18; see, also, State v. Simpkins 117 Ohio St.3d 420, 2008-Ohio-1197,884 N.E.2d 568, ¶ 17.
[2] See App. R. 12(A)(1)(c). *Page 1