The STATE of Ohio, Appellee,

v.

ARNOLD, Appellant.

[Cite as *State v. Arnold,* 189 Ohio App.3d 238, 2009-Ohio-3636.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 22856.

Decided July 24, 2009.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Michele D. Phipps, Assistant Prosecuting Attorney, for appellee.

Saunders Law Offices and Craig W. Saunders, for appellant.

FAIN, Judge.

{¶ 1} Defendant-appellant Terry Arnold appeals from sentences imposed by the trial court during a resentencing hearing held pursuant to R.C. 2929.191. Arnold contends that the trial court failed to provide him with proper notice of the resentencing. Arnold also contends that the trial court erred in resentencing him, because he has already served one of two consecutive ten-year sentences. In addition, Arnold points out an inconsistency in the termination entries that were filed, which state that the sentence in each of two pending cases is to be served consecutively to the sentence in the other case.

{¶ 2} We conclude that the trial court provided appropriate notice of the hearing. We further conclude that the trial court retained jurisdiction to sentence Arnold under R.C. 2929.191. Arnold was sentenced in two cases, and one sentence had expired prior to the resentencing hearing, due to completion of Arnold's term of imprisonment. However, the trial court retained jurisdiction to resentence Arnold in the other case, because Arnold's term of imprisonment had not yet expired. This cause must be remanded, however, because the termination entries fail to state which of the consecutive sentences is to be served first, which could have significance with respect to the single term of five years of postrelease control that has been imposed. We express no opinion on whether the trial court must hold a new sentencing hearing or may file nunc pro tunc entries correcting the original termination entries. We have no idea of the trial court's intent, because the transcripts of the original sentencing hearings are not in our record.

{¶ 3} Accordingly, the judgment of the trial court is reversed, and this cause is remanded to the trial court for further proceedings.

I

{¶ 4} In May 1998, Arnold was indicted on 11 counts, including six counts of aggravated robbery (three with firearm specifications), four counts of kidnapping, and one count of felonious assault, in connection with an incident that occurred on May 1, 1998. The case was designated as Montgomery County Common Pleas Court case No. 98–CR–1491.

{¶ 5} Arnold subsequently pleaded guilty to six counts of aggravated robbery, and a termination entry was filed in December 1998. The entry stated that

Arnold was to serve ten years in prison on each count, with the terms to be served concurrently with each other and consecutively to a sentence imposed in Montgomery County Common Pleas Court case No. 98–CR–4759. The termination entry also said, "Following the defendant's release from prison, the defendant will/may serve a period of post-release control under the supervision of the parole board."

{¶ 6} A bill of information had been filed previously in December 1998, in case No. 98–CR–4759. The bill charged Arnold with having committed two counts of aggravated robbery, with a handgun, in November 1997. The bill did not include firearm specifications.

{¶ 7} Arnold waived prosecution by indictment and consented to proceed by information. He also pleaded guilty to these charges in December 1998 and was sentenced to ten years on each count. The termination entry provided that the terms on each count would be served concurrently and consecutively to the sentence imposed in case No. 98–CR–1491. The termination entry also contained the same provision about postrelease control, indicating that Arnold "will/may" serve postrelease control.

{¶ 8} In June 2008, the trial court filed an entry and order, commanding the Montgomery County Sheriff to bring Arnold from the Warren Correctional Institution to the trial court for resentencing. A hearing date was set for July 10, 2008.

{¶ 9} The transcript of the hearing indicates that Arnold appeared with counsel and did not object to the proceeding, other than on double-jeopardy grounds. At the beginning of the hearing, Arnold pointed out that he had already served the ten-year sentence on one case. The prosecutor noted that there had been some confusion in the termination entries as to which ten-year sentence was to be served consecutively. As a result, the state had requested resentencing on both case numbers. The following colloquy then took place:

{¶ 10} "THE COURT: So do you understand that, Mr. Arnold, that you've done, in terms of the time being served, it's unclear as to which case you're finishing up on so they're just going to re-sentence as to both. Again, it is out [sic] effecting [sic] your out date. That is the point that I think is the greatest importance to people.

{¶ 11} "MR. ARNOLD: Okay. I have one question.

{¶ 12} "THE COURT: Absolutely.

{¶ 13} "MR. ARNOLD: Will this double up whatever I have to do afterwards. Like instead of three years have six years?

{¶ 14} "PROSECUTOR: It appears he would have a mandatory five years, your Honor.

{¶ 15} "MR. HODGE: That's the way I understand it, Judge. I also think the sentencing statutes for this indefinite sentencing date. They stack them like this, it becomes a single sentence. They carry both case numbers which you got a five year PRC. That's what I understand.

{¶ 16} "PROSECUTOR: And the State agrees with that, your Honor.

{¶ 17} "THE COURT: "Yeah, that would be my understanding as well. So your PRC would not be getting stacked, okay?

{¶ 18} "MR. HODGE: All right.

{¶ 19} "THE COURT: It's just going to be that single five year mandatory PRC. Any other questions, Mr. Arnold?

{¶ 20} "MR. ARNOLD: None that I can think of."

{¶ 21} Following the above discussion, the trial court resentenced Arnold to the same sentence in both cases and to five years of postrelease control. The court also explained the consequences of violating postrelease control provisions or committing additional violations of the law.

{¶ 22} In July 2008, the trial court filed nunc pro tunc termination entries in each case, reflecting the addition of five years of postrelease control. The court did not change the original wording of the termination entries, which state that the sentence in each case is to be served concurrently with the other sentences in the same case, but consecutively to the sentence in the other pending case.

{¶ 23} Arnold appeals from the termination entries filed in each case.

## II

{¶ 24} Arnold's sole assignment of error is as follows:

{¶ 25} "The trial court's addition of post-release control to appellant's original sentence constituted successive punishment in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution."

{¶ 26} Under this assignment of error, Arnold first contends that the trial court erred in failing to provide him notice as specified by R.C. 2929.191(C).

{¶ 27} R.C. 2929.191(A) allows a trial court to correct judgments of conviction when the court originally failed to notify an offender of postrelease supervision requirements or failed to include a statement to that effect in the judgment of conviction. Under R.C. 2929.191(C), the court must hold a hearing before issuing the correction and must give notice to the offender, the prosecution, and the

Department of Rehabilitation and Correction. The offender is also entitled to appear at the hearing, either in person or by video-conferencing. Regarding notice, R.C. 2929.191(C) specifically states:

{¶ 28} "Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction."

{¶ 29} In *State v. Schmitt,* 175 Ohio App.3d 600, 2008-Ohio-1010, 888 N.E.2d 479, the Third District Court of Appeals reversed a judgment when the trial court had resentenced the defendant under R.C. 2929.191 in order to add a postrelease-control provision. The Third District noted that the trial court had not given the defendant notice of the hearing on postrelease control. Instead, the trial court had simply granted the state's oral motion to notify the defendant of resentencing during a hearing on the defendant's motion for judicial release. Id. at ¶ 28. The Third District found this inadequate and remanded the matter for a de novo sentencing hearing. Id.

{¶ 30} In contrast, resentencing was the only stated purpose for bringing Arnold before the court in the present case. Accordingly, there is no basis for concluding that Arnold did not receive proper notice under the statute. Arnold also appeared in court, with counsel, and failed to raise any issue involving alleged lack of notice. Arnold, therefore, waived all but plain error. See, e.g., *State v. Howard,* Montgomery App. No. 20575, 2005-Ohio-3702, 2005 WL 1705202, at ¶ 34. The record does not demonstrate any basis for finding plain error.

{¶ 31} Arnold's second argument under his sole assignment of error is that the state is not entitled to a new sentencing hearing when a defendant has completed his sentence. Because the sentence in one of Arnold's cases was completed before the resentencing hearing, Arnold contends that the trial court could not impose a mandatory postrelease-control term for that sentence. Arnold also argues that the trial court erred in failing to indicate which sentence would be served consecutively. Finally, Arnold contends that the trial court did not attempt to resolve the issue of whether one term of five years of postrelease control applies or whether two terms apply, for a total of ten years of postrelease control.

{¶ 32} The latter point is easily resolved. Based on the hearing transcript, it is clear that the trial court, the state, and Arnold all agreed that only one five-year term of postrelease control would apply.

{¶ 33} Regarding the issue of "completion of sentence," R.C. 2929.191(A)(1) provides:

{¶ 34} "If, prior to the effective date of this section, a court imposed a sentence * * * and failed to notify the offender * * * that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence pursuant to division (F)(1) of section 2929.14 of the Revised Code, *at any time before the offender is released from imprisonment under that term* and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison." (Emphasis added.)

{¶ 35} Under the wording in the statute, resentencing may occur at any time before the offender's "release from imprisonment under that term." Several appellate districts have concluded that "it is the expiration of the prisoner's journalized sentence, rather than the offender's ultimate release from prison that is determinative of the trial court's authority to resentence." *State v. Dresser*, Cuyahoga App. No. 92105, 2009-Ohio-2888, 2009 WL 1710757, at ¶ 11, fn. 9 (citing cases from the First, Sixth, and Tenth Appellate Districts).

{¶ 36} In *Dresser*, the defendant received an indefinite concurrent sentence of ten years to life on two counts of rape and a concurrent sentence of five years on two counts of pandering sexually oriented material involving a minor. The concurrent rape sentences were to run consecutively to the concurrent sentences on the pandering charges. Id. at ¶ 3. After failing to impose postrelease control on the pandering counts, the trial court held a hearing and added five years of postrelease control to the pandering sentence. At the time, the defendant had already served the five-year sentence on these charges. Id. at ¶ 3–4.

{¶ 37} The case was later reversed on appeal for failure to hold a de novo hearing. On remand, the trial court concluded that postrelease control could not be imposed on the pandering charges, because the defendant had already completed the five-year term for those charges. Id. at ¶ 7. The state then appealed to the Eighth District Court of Appeals, arguing that postrelease control could be imposed, because the defendant was still in prison on the rape charges. The Eighth District disagreed and followed prior decisions of other appellate districts, which had held that the appropriate consideration is the expiration of a journalized sentence, not the offender's ultimate release from prison. Id. at ¶ 11, fn. 9.

{¶ 38} The other decisions cited by the Eighth District include *State v. Bristow*, Lucas App. No. L–06–1230, 2007-Ohio-1864, 2007 1160970; *State v. Turner*, Franklin App. No. 06AP–491, 2007-Ohio-2187, 2007 WL 1329726; and *State v. Ferrell*, Hamilton App. No. C–070799, 2008-Ohio-5280, 2008 WL 4531845.

In *Bristow,* the Sixth District Court of Appeals held that postrelease control could not be added to a six-month term for assault that was being served concurrently with another sentence, when the six-month term for the assault had already expired. 2007-Ohio-1864, at ¶ 2 and 14.

{¶ 39} In *Turner,* the Tenth District Court of Appeals considered several Supreme Court of Ohio cases that had considered resentencing in postrelease-control situations. 2007-Ohio-2187, 2007 WL 1329726, at ¶ 8–18. One of these cases was *Hernandez v. Kelly,* 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, in which the Supreme Court of Ohio held that resentencing to add postrelease control is not an option when the defendant has served his term and has been released from prison. Id. at ¶ 29. In *Hernandez,* the Supreme Court of Ohio noted:

{¶ 40} "[A]n after-the-fact notification of Hernandez, who has served his seven-year sentence, would circumvent the objective behind R.C. 2929.14(F) and 2967.28 to notify defendants of the imposition of postrelease control at the time of their sentencing. * * *

{¶ 41} " * * * *

{¶ 42} "It is axiomatic that '[a] court of record speaks only through its journal entries.' *State ex rel. Geauga Cty. Bd. of Commrs. v. Milligan,* 100 Ohio St.3d 366, 2003-Ohio-6608, 800 N.E.2d 361, ¶ 20; *Kiane v. Marion Prison Warden* (2000), 88 Ohio St.3d 454, 455, 727 N.E.2d 907. * * * Here, the trial court's sentencing entry specified only Hernandez's seven-year sentence, which he completed in February 2005. Because his only journalized sentence has now expired, habeas corpus is an appropriate remedy." Id. at ¶ 28 and 30.

{¶ 43} *Turner* also discussed *State ex rel. Cruzado v. Zaleski,* 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263. In *Cruzado,* the Supreme Court of Ohio denied a petition for writ of prohibition where a defendant who was scheduled for resentencing had completed a sentence for an attempted-escape conviction, but had not completed a three-year sentence for a robbery conviction. Id. at ¶ 12. The Supreme Court distinguished *Hernandez,* because the sentence in that case had already expired, whereas Cruzado's sentence for robbery had not yet been completed. Id. at ¶ 27–28. The trial judge was, therefore, authorized to correct the invalid sentence to include mandatory postrelease control for the robbery conviction. Id. at ¶ 28.

{¶ 44} In *Turner,* the Tenth District commented as follows about the above cases from the Supreme Court of Ohio:

{¶ 45} "Turner's journalized sentence from this case expired in April 2005, at which time he began serving his consecutive one-year sentence from Fairfield

County. Turner was serving his Fairfield County sentence when the State moved the trial court for resentencing. We recognize that some cases addressing a trial court's authority to resentence an offender to impose an erroneously omitted PRC term speak in terms of an offender's release from prison, while others speak in terms of the expiration of the offender's sentence. We also recognize that, in some cases including this one, expiration of a journalized sentence and release from prison do not coincide. However, review of the Ohio Supreme Court cases addressed above convinces us that the expiration of the offender's journalized prison sentence, rather than the offender's ultimate release from prison, is determinative of the trial court's authority to resentence. In *Cruzado*, the Supreme Court concluded that the trial court did not lack jurisdiction to correct its sentence 'before [the] journalized sentence had expired.' (Emphasis omitted.) Id. at ¶ 32. Also in *Cruzado*, the Supreme Court explained its reasoning in *Hernandez* that the trial court could not cure its failure to include PRC in Hernandez's sentence 'after the journalized prison term had expired.' (Emphasis sic.) Id. at ¶ 23. Additionally, in *Watkins* [*v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78] at ¶ 48, the Supreme Court explained its holding in *Adkins* [*v. Wilson*, 110 Ohio St.3d 1454, 2006-Ohio-4275, 852 N.E.2d 749], that the trial court lacked jurisdiction to add PRC to a sentence 'after [the] original sentence had expired.' Given the Supreme Court's consistent reliance on the expiration of an offender's sentence, we conclude, as we succinctly stated in [*State v.*] *Draper*, [Franklin App. No. 06AP–600, 2007-Ohio-1240, 2007 WL 827384] at ¶ 9, that, '[i]f an offender's sentence has expired, a trial court does not have the jurisdiction to correct an erroneous sentence and impose the proper period of [PRC].' " *Turner*, 2007-Ohio-2187, 2007 WL 1329726, at ¶ 18.

{¶ 46} Similarly, in *Ferrell*, the First District held that the defendant could not be resentenced for a Hamilton County sentence that had expired, even though the defendant was still imprisoned on a Butler County charge that was to be served consecutively to the Hamilton County charge. The court noted that "[t]here is no statutory support, nor is there case law, indicating that two separate sentences from two different counties, entered months apart and ordered to run consecutively, are tantamount to one aggregate sentence." 2008-Ohio-5280, at ¶ 3.

{¶ 47} The Supreme Court of Ohio recently upheld the constitutionality of R.C. 2929.191 on various grounds. See *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254. *Bloomer* does not directly address the issue of whether expiration of a prison term controls, as opposed to release from imprisonment. The disposition of the case, however, indicates that the court continues to focus on expiration of a term of imprisonment rather than on the defendant's release from prison.

{¶ 48} *Bloomer* involved three different factual situations, one of which involved a prisoner who had been released from prison after a resentencing hearing was held, but before the case was considered by the Supreme Court of Ohio. The Supreme Court concluded that the trial court had failed to comply with R.C. 2929.191 and existing precedent, because it told the defendant that he "may" be supervised under postrelease control; the court did not state that postrelease control "would" be mandatory. Id. at ¶ 69. Consequently, the Supreme Court reversed the judgment. The court also ordered the defendant released from postrelease control, because the defendant had already been released from prison. In doing so, the court did not rely on the defendant's "release from prison." The Supreme Court instead focused on language about completing the prison term that had been imposed, stating:

{¶ 49} "Moreover, Barnes completed his prison term on January 5, 2007, and has now been released. As we stated in *Bezak* and *Simpkins,* once an offender has *completed the prison term imposed in his original sentence,* he cannot be subjected to another sentencing to correct the trial court's flawed imposition of postrelease control. *Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 18; *Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, at syllabus." (Emphasis added.) *Bloomer,* 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, at ¶ 70.

{¶ 50} In view of the Supreme Court of Ohio's continued focus on the completion of the prison term imposed in the original sentence, rather than the prisoner's release from prison, we agree with the other appellate districts that "it is the expiration of the prisoner's journalized sentence, rather than the offender's ultimate release from prison that is determinative of the trial court's authority to resentence." *Dresser,* 2009-Ohio-2888, 2009 WL 1710757, at ¶ 11.

{¶ 51} For purposes of the present case, this means that the trial court could resentence Arnold in one of the cases, because Arnold had completed his term of imprisonment in the other case prior to the resentencing hearing. Unfortunately, the termination entries that were filed do not indicate which of the consecutive sentences is to be served first. As Arnold points out, each termination entry states that the sentence is to be served consecutively to the sentence in the other case, but without any specification as to the order in which they are to be served.

{¶ 52} At first, one might think that the order in which Arnold's two consecutive sentences are to be served can have no significance, since he will be subject to one, and only one, term of five years of postrelease control on whichever one is the second sentence to be served. But in theory, at least, the order could make a difference. If the conviction underlying the second sentence were to be over-

turned as a result of postconviction relief, a later appeal, or through the governor's power to pardon, then there can be no term of postrelease control for the conviction underlying the first sentence, because that sentence was completed before the lack of provision for postrelease control was rectified. But if the conviction underlying the first sentence were to be vacated at some later time for any reason, the postrelease control specified for the second sentence would remain intact.

{¶ 53} Since the trial court's failure to specify which of the two consecutive sentences is to be served first creates a conundrum that must be rectified, Arnold's sole assignment of error is sustained solely on this basis.

{¶ 54} We note that the state contends that the trial court only sentenced Arnold to one prison term that is a 20–year term, meaning that Arnold has not completed serving one of the two prison terms. To support this proposition, the state relies on Ohio Adm.Code 5120–2–03.1(F), which states, "When consecutive stated prison terms are imposed, the term to be served is the aggregate of all of the stated prison terms so imposed."

{¶ 55} The section in question is contained in a chapter of the Ohio Administrative Code governing how the Ohio Department of Rehabilitation and Correction ("ODRC") calculates sentences and determines reductions in sentences. These are ODRC's own administrative regulations, not those of the trial court. *Stroud v. Dept. of Rehab. & Corr.*, Franklin App. No. 03AP–139, 2004-Ohio-580, 2004 WL 239901, at ¶ 36. Compare *State v. Anderson* (Dec. 14, 2001), Geauga App. No. 2000–G–2316, 2001 WL 1602141 (noting that there was no evidence in the record, such as a certified copy of an order aggregating the defendant's sentence. The court also noted that the state bears the burden of proving an aggregated sentence).

{¶ 56} Crim.R. 36(A) permits trial courts, in their discretion, to correct clerical mistakes in judgments or orders arising from oversight or omissions, using a nunc pro tunc entry. The purpose of nunc pro tunc orders, however, is to officially record actions that were actually taken, but not duly recorded. See, e.g., *State v. Brown* (2000), 136 Ohio App.3d 816, 819, 737 N.E.2d 1057.

{¶ 57} "The term 'clerical mistake' refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment. * * * Thus, the power to file an entry nunc pro tunc is restricted to placing on the record a judicial action that has already been taken but was omitted due to some mechanical mistake." Id. at 819–820, 737 N.E.2d 1057. "[N]unc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what

the court intended to decide." *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 164, 656 N.E.2d 1288.

{¶ 58} In the present case, both the original termination entries and the resentencing entries are incorrect or incomplete. The transcripts of the original sentencing hearings are not before us, so we cannot discern the original intent of the trial court as to which sentence was intended to be served first. Accordingly, we express no opinion as to whether a new sentencing hearing is required or whether the trial court may file nunc pro tunc entries correcting the original termination entries under Crim.R. 36.

{¶ 59} Arnold's sole assignment of error is sustained.

### III

{¶ 60} Arnold's sole assignment of error having been sustained, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

FROELICH and HARSHA, JJ., concur.

WILLIAM H. HARSHA, J., of the Fourth Appellate District, sitting by assignment.