[Cite as *State v. Booth*, 2011-Ohio-2557.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
|  | : | William B. Hoffman, P.J. |
|  | : | John W. Wise, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
|  | : |  |
| -vs- | : | Case No. 2010CA00155 |
|  | : |  |
|  | : |  |
| WALLACE BOOTH | : | O P I N I O N |
|  |  |  |
| Defendant-Appellant | | |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from Stark County Court of Common Pleas Case No. 1998-CR-0956 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | May 23, 2011 |
| APPEARANCES: | |

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| JOHN D. FERRERO<br>Prosecuting Attorney<br>Stark County, Ohio | KENNETH W. FRAME<br>Stark County Public Defender's Office<br>200 West Tuscarawas Street<br>Suite #200 |
| BY: RONALD MARK CALDWELL<br>Assistant Prosecuting Attorney<br>Appellate Section<br>110 Central Plaza, South, Ste. 510<br>Canton, Ohio  44702-1413 | Canton, Ohio  44702 |

*Edwards, J.*

{¶1}    Appellant, Wallace Eugene Booth, Jr., appeals a judgment of the Stark County Common Pleas Court resentencing him to an aggregate term of incarceration of 10 to 25 years and notifying him that he would be subject to five years postrelease control for rape upon his release.  Appellee is the State of Ohio.

STATEMENT OF FACTS AND CASE

{¶2}    In 1998, the Stark County Grand Jury indicted appellant with two counts of felonious sexual penetration, two counts of gross sexual imposition and two counts of statutory rape.  The indictment was later amended to one count each of felonious sexual penetration and statutory rape, and two counts of gross sexual imposition. Appellant entered a plea of guilty and was sentenced as follows:

{¶3}    Felonious Sexual Penetration, 1 count – 8 to 25 years;

{¶4}    Rape, 1 count – 8 years, concurrent;

{¶5}    Gross Sexual Imposition, 1 count – 2 years, consecutive;

{¶6}    Gross Sexual Imposition, 1 count – 1.5 years, concurrent.

{¶7}    Appellant's aggregate prison term was therefore 10 to 25 years.  In 2010, the trial court ordered a resentencing hearing to notify appellant of the term of postrelease control.  Appellant filed a motion not to proceed with the resentencing hearing, arguing that postrelease control was applicable only to the charge of rape, and he had completed his eight year sentence on this charge although he remained incarcerated on the aggregate prison term.  The trial court proceeded with resentencing and notified appellant of the five year term of postrelease control.  Appellant assigns a single error:

{¶8} "THE TRIAL COURT ERRORED (SIC) WHEN IT RESENTENCED DEFENDANT-APPELLANT PURSUANT TO *STATE V. SINGLETON* AFTER DEFENDANT-APPELLANT HAD FINISHED THE SENTENCE FOR WHICH POST RELEASE CONTROL WAS APPLICABLE."

{¶9} Appellant argues that the court lost jurisdiction to resentence him because the only charge to which postrelease control was applicable was rape, and he had served the 8 year sentence for rape prior to resentencing. Appellant states that according to the Department of Rehabilitation and Corrections, he completed this portion of his sentence on December 3, 2007. In support of this assertion, he has attached a print out of his record sheet from the Department's web site. However, this attachment was not attached to his motion opposing resentencing and was not admitted into evidence at the resentencing hearing. This attachment is therefore not a part of the record before this court on appeal.

{¶10} R.C. 2929.191(A)(1) provides in pertinent part:

{¶11} "(A)(1) If, prior to the effective date of this section, a court imposed a sentence including a prison term of a type described in division (B)(3)(c) of section 2929.19 of the Revised Code and failed to notify the offender pursuant to that division that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence pursuant to division (F)(1) of section 2929.14 of the Revised Code, *at any time before the offender is released from imprisonment under that term* and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of

conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison." (Emphasis added).

**{¶12}** This Court has previously held that where an offender has completed his sentence on the case for which the court has resentenced him under R.C. 2929.191, the resentencing entry is void for lack of jurisdiction even if the offender remains incarcerated on another case at the time of the resentencing. *State v. Henry*, Stark App. No. 2006-CA-00245, 2007-Ohio-5702. See also *State v. Bristow*, Lucas App. No. L-06-1230, 2007-Ohio-1864 (court lacked jurisdiction to resentence where offender completed his term of incarceration on the instant case but remained incarcerated on a separate charge); *State v. Turner*, Franklin App. No. 06AP-491, 2007-Ohio-2187 (the expiration of the offender's journalized prison sentence, rather than the offender's ultimate release from prison, is determinative of the trial court's authority to resentence); *State v. Ferrell*, Hamilton App. No. C0707-99, 2008-Ohio-5280 (two separate sentences from two different counties, entered months apart and ordered to run consecutively, are not tantamount to one aggregate sentence and the court lost jurisdiction to resentence when the term was completed on the instant sentence); *State v. Arnold*, 189 Ohio App.3d 238, 938 N.E.2d 45, 2009-Ohio-3636 (it is the expiration of the prisoner's journalized sentence, rather than the offender's ultimate release from prison that is determinative of the trial court's authority to resentence to impose an erroneously omitted postrelease control term).

**{¶13}** In the instant case, appellant's eight-year sentence for rape was ordered to be served concurrently with the 8-25 year sentence for felonious sexual penetration.

Because the sentence was served concurrently rather than consecutively and the sentences were imposed under the same case number from the same indictment, we find that appellant had not yet been "released from imprisonment under that term" within the meaning of R.C. 2929.191(A)(1) when the court resentenced him to add the term of postrelease control. The two sentences in the instant case were tantamount to one aggregate sentence and the court did not lose jurisdiction to resentence at the end of eight years.

{¶14} The assignment of error is overruled.

{¶15} The judgment of the Stark County Common Pleas Court is affirmed.

By: Edwards, J.

Hoffman, P.J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/r0126

[Cite as *State v. Booth*, 2011-Ohio-2557.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| WALLACE BOOTH | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2010CA00155 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed.  Costs assessed to appellant.

_____

_____

_____

JUDGES