[Cite as *State v. Rollins*, 2011-Ohio-2652.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                          |   |                          |
|--------------------------|---|--------------------------|
|                          | : | JUDGES:                  |
| STATE OF OHIO            | : | William B. Hoffman, P.J. |
|                          | : | Julie A. Edwards, J.     |
| Plaintiff-Appellee       | : | Patricia A. Delaney, J.  |
|                          | : |                          |
| -vs-                     | : | Case No. 10CA74          |
|                          | : |                          |
|                          | : |                          |
| MARK S. ROLLINS          | : | O P I N I O N            |
|                          |   |                          |
| Defendant-Appellant      |   |                          |

CHARACTER OF PROCEEDING:    Criminal Appeal from Richland
                     County Court of Common Pleas Case
                     No. 2003-CR-753D

JUDGMENT:            Vacated

DATE OF JUDGMENT ENTRY:     May 26, 2011

APPEARANCES:

For Plaintiff-Appellee         For Defendant-Appellant

JAMES A. MAYER, JR.        DALE M. MUSILLI
Prosecuting Attorney         105 Sturges Avenue
Richland County, Ohio        Mansfield, Ohio  44903

BY: KIRSTEN L. PSCHOLKA-GARTNER
Assistant Richland County Prosecutor
38 South Park Street
Mansfield, Ohio  44902

*Edwards, J.*

{¶1}    Appellant, Mark S. Rollins, appeals a judgment of the Richland County Common Pleas Court re-sentencing him to three years incarceration for burglary (R.C. 2911.12(A)(2)) and 12 months for attempted burglary (R.C. 2923.02(A)), including three years mandatory postrelease control (PRC).  Appellee is the State of Ohio.

STATEMENT OF FACTS AND CASE

{¶2}    On August 24, 2004, appellant pleaded guilty to burglary and attempted burglary in Richland County.  On September 28, 2004, he was sentenced by the Richland County Common Pleas Court to three years incarceration for burglary and 12 months incarceration for attempted burglary, to be served concurrently with each other but consecutively to any sentence arising out of other cases.  The entry reflected that appellant may be subject to a period of PRC, but did not refer to a mandatory period of PRC.

{¶3}    Appellant was sentenced by the Paulding County Common Pleas Court on June 9, 2005, to three years incarceration for illegal assembly or possession of chemicals for the manufacture of drugs (R.C. 2925.041) and to eleven months for possession of methamphetamine (R.C. 2923.11(A)(C)(1)(a)).  The sentences were to be served concurrent to each other, but consecutive to the three year sentence from Richland County, for an aggregate term of incarceration of six years.

{¶4}    On September 11, 2009, appellant was resentenced by the Paulding County Common Pleas Court to inform him that he was subject to a mandatory term of PRC of three years following his release from prison.  Appellant was resentenced by the Richland County Common Pleas Court on May 17, 2010, to add a three year mandatory

term of PRC.  At the time of appellant's resentencing hearing in Richland County, he was incarcerated.  He was released from prison on August 14, 2010.  Appellant assigns a single error to the resentencing entry:

{¶5} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN RESENTENCING APPELLANT AFTER HIS SENTENCE HAD EXPIRED."

{¶6} Appellant argues that the court lost jurisdiction to resentence him when the three-year sentence he was serving on the Richland County case expired.  The State concedes that appellant's Richland County sentence had expired prior to his resentencing, but argues that the court could resentence him at any time prior to expiration of his aggregate prison term, encompassing both the sentence from Richland County and the sentence from Paulding County.

{¶7} R.C. 2929.191(A)(1) provides in pertinent part:

{¶8} "(A)(1) If, prior to the effective date of this section, a court imposed a sentence including a prison term of a type described in division (B)(3)(c) of section 2929.19 of the Revised Code and failed to notify the offender pursuant to that division that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence pursuant to division (F)(1) of section 2929.14 of the Revised Code, *at any time before the offender is released from imprisonment under that term* and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will

be supervised under section 2967.28 of the Revised Code after the offender leaves prison." (Emphasis added).

{¶9}    This Court has previously held that where an offender has completed his sentence on the case for which the court has resentenced him under R.C. 2929.191, the resentencing entry is void for lack of jurisdiction even if the offender remains incarcerated on another case at the time of the resentencing.    *State v. Henry*, Stark App. No. 2006-CA-00245, 2007-Ohio-5702.[1]  See also *State v. Bristow*, Lucas App. No. L-06-1230, 2007-Ohio-1864 (court lacked jurisdiction to resentence where offender completed his term of incarceration on the instant case but remained incarcerated on a separate charge); *State v. Turner*, Franklin App. No. 06AP-491, 2007-Ohio-2187 (the expiration of the offender's journalized prison sentence, rather than the offender's ultimate release from prison, is determinative of the trial court's authority to resentence); *State v. Ferrell*, Hamilton App. No. C0707-99, 2008-Ohio-5280 (two separate sentences from two different counties, entered months apart and ordered to run consecutively, are not tantamount to one aggregate sentence and the court lost jurisdiction to resentence when the term was completed on the instant sentence); *State v. Arnold*, 189 Ohio App.3d 238, 938 N.E.2d 45, 2009-Ohio-3636 (It is the expiration of the prisoner's journalized sentence, rather than the offender's ultimate release from prison that is

---

[1] In *Henry*, the record did not clearly demonstrate that the appellant had served the balance of his term on that case, and we therefore remanded the case to the court with instructions to determine if the appellant had in fact completed his term of incarceration on that case, and to vacate the resentencing entry if it so found.  In the instant case, the stipulated record filed by the parties pursuant to App. R. 9(E) clearly demonstrates that the Paulding County sentence was entered after the Richland County sentence, and ordered to be served consecutively to the Richland County sentence.  Pursuant to this stipulated record, the State agrees in its brief with appellant's contention that he had completed his three-year sentence from Richland County on August 14, 2007, prior to the resentencing hearing in the Richland County Common Pleas Court.

determinative of the trial court's authority to resentence to impose an erroneously omitted postrelease control term).

{¶10} We find that as it applies to the instant case, the language of R.C. 2929.191(A)(1) which permits resentencing "at any time before the offender is released from prison on that term" refers to the Richland County sentence. The sentence from Paulding County is a completely separate term of imprisonment, imposed by a different court under a separate indictment and case, and imposed roughly ten months after appellant began to serve his term of imprisonment from Richland County. The State does not dispute the fact that the Paulding County sentence, imposed after the Richland County sentence and ordered to be served consecutively thereto, was served subsequent to completion of the term imposed by Richland County.

{¶11} Accordingly, the May 17, 2010, judgment is void for lack of jurisdiction. The assignment of error is sustained. The May 17, 2010, judgment of the Richland County Common Pleas Court is vacated. The September 28, 2004, sentencing judgment of the Richland County Common Pleas Court is reinstated.

By: Edwards, J.

Hoffman, P.J. and

Delaney, J. concur

_____

_____

_____

                                    JUDGES

JAE/r0118

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MARK S. ROLLINS | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 10CA74 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is vacated. The September 28, 2004, judgment of the Richland County Common Pleas Court is reinstated. Costs assessed to appellee.

_____

_____

_____

JUDGES