[Cite as *State ex rel. Huber v. O'Neill*, 2012-Ohio-6043.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

|  |  |  |  |
|---|---|---|---|
| STATE OF OHIO, ex rel., JOSEPH HUBER, JR. | : | Appellate Case No. | 2011-CA-91 |
|  | : |  |  |
|  | : | Tr. Ct. Case No. | 05-CR-458 |
| *Petitioner* | : |  |  |
|  | : |  |  |
| v. | : |  |  |
|  | : |  |  |
| HONORABLE JUDGE RICHARD J. O'NEILL | : |  |  |
|  | : |  |  |
| *Respondent* | : |  |  |

_____

**DECISION AND FINAL JUDGMENT ENTRY; WRIT OF MANDAMUS**
December 21, 2012

_____

PER CURIAM:

{¶ 1}  This matter is before the court on the November 23, 2011 petition for a writ of mandamus filed by Joseph Huber, Jr.  Huber seeks an order from this Court compelling Respondent, Judge Richard J. O'Neill of the Clark County Court of Common Pleas, to proceed to judgment on Huber's June 27, 2011 motion to vacate a void sentence, which he filed in Clark County Common Pleas Court Case No. 05-CR-458.

{¶ 2}  The parties have filed briefs pursuant to Loc.App.R. 8(F)(4).  This matter is now ripe for review.

{¶ 3}  A writ of mandamus is an extraordinary remedy that only applies in a limited

set of circumstances.  *In re State ex rel. Watkins*, 2d Dist. Greene No. 07-CA-80, 2008-Ohio-3877, ¶ 6, quoting *Davenport v. Montgomery Cty*., 2d Dist. Montgomery No. 21196, 2006-Ohio-2909, ¶ 4.  To be entitled to the requested writ of mandamus, Huber must establish a clear legal right to the relief requested, a clear legal duty on the part of the respondent to act, and the lack of an adequate remedy in the ordinary course of law.  *State ex rel. Blandin v. Beck*, 114 Ohio St.3d 455, 2007-Ohio-4562, 872 N.E.2d 1232, ¶ 13.

{¶ 4}    Huber claims that he is entitled to a ruling on his June 27, 2011 motion to vacate a void sentence, which he filed in Clark County Common Pleas Court Case No. 05-CR-458. In relevant part, the record shows that Huber was sentenced to four years imprisonment in case no. 05-CR-458 on March 31, 2006, after pleading guilty to robbery, a felony of the second degree; possession of criminal tools, a felony of the fifth degree; and breaking and entering, a felony of the fifth degree.   He was further ordered to pay restitution and all costs of prosecution.

{¶ 5}    In his entry of conviction and sentence, Respondent advised Huber that he was subject to mandatory postrelease control "up to a maximum of three years, as well as the consequences for violating conditions of post release control imposed by the Parole Board."

{¶ 6}    Huber concedes that he has completed the sentence associated with the term of postrelease control imposed, although he remains in prison on subsequent, unrelated charges. Nevertheless, Huber argues that his sentence in 05-CR-458 is void because Respondent improperly imposed an indefiinite term of "up to three years" of postrelease control, when a definite term was required.   He demands that his entire sentence be vacated in line with *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E. 2d 961.

{¶ 7}    In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the

Supreme Court modified *Bezak* to hold that only that portion of the sentence dealing with postrelease control is void when terms of postrelease control are improperly imposed. *Id*. at ¶ 26. As a result, "[any] new sentencing hearing to which an offender is entitled under *Bezak* is limited to proper imposition of postrelease control." *Id*. at ¶ 29. Contrary to Huber's argument, Respondent contends that the only part of Huber's sentence that is void is that portion imposing postrelease control. Respondent further argues that he lacks authority to resentence Huber to impose postrelease control because Huber has completed his prison sentence for those convictions subject to the improper postrelease control terms. *See State v. Arnold*, 189 Ohio App.3d 238, 2009-Ohio-3636, 938 N.E.2d 45 (2d Dist.). On this basis, Respondent contends that he has no legal duty to rule on Huber's June 27, 2011 motion.

{¶ 8} Whether Respondent has a legal duty to rule on Huber's motion to vacate a void sentence is a different question from whether Respondent should grant Huber's motion. Mandamus can be used to compel a court to exercise its judgment or to discharge a function, but it may not issue to compel a court to enter a specific judgment. *State ex rel. Rashada v. Pianka*, 112 Ohio St.3d 44, 2006-Ohio-6366, 857 N.E.2d 1220, ¶ 3. Both parties here appear to want this Court to enforce a particular judgment on the June 27, 2011 motion. We decline to do so. However, the court does not believe ruling on Huber's motion to be a vain act despite Respondent's argument to the contrary, where such ruling promotes resolution and finality with respect to issues currently pending on the trial court's docket. *See State ex rel. Richardson v. Suster*, 8th Dist. Cuyahoga No. 95579, 2011-Ohio-1753, ¶ 10. Respondent has not ruled on Huber's motion for more than one year, and Huber is entitled to a ruling.

{¶ 9} Accordingly, Huber's petition for a writ of mandamus is GRANTED. IT IS

HEREBY ORDERED that Respondent, Judge Richard J. O'Neill, rule on the June 27, 2011 motion to vacate a void sentence pending in Clark County Common Pleas Court Case No. 05-CR-458 forthwith. Each party shall bear his own costs in this action.

{¶ 10} SO ORDERED.

_____

THOMAS J. GRADY, Presiding Judge

_____

MARY E. DONOVAN, Judge

_____

MICHAEL T. HALL, Judge

To The Clerk: Within three (3) days of entering this judgment on the journal, you are directed to serve on all parties not in default for failure to appear notice of the judgment and the date of its entry upon the journal, pursuant to Civ.R. 58(B).

_____

THOMAS J. GRADY, Presiding Judge

Copies to:

Andrew Pickering
Attorney for Respondent
P.O. Box 1608
Springfield, Ohio 45501                    Joseph Huber, Jr., #518-135

Petitioner, Pro Se
P.O. Box 5500
Chillicothe, Ohio 45601

CA3/JN

[Cite as *State ex rel. Huber v. O'Neill*, 2012-Ohio-6043.]