**[Cite as *State v. Glover*, 2021-Ohio-2533.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28994 |
| | : | |
| | : | Trial Court Case No. 2014-CR-1033 |
| v. | : | |
| | : | (Criminal Appeal from |
| MARVIN M. GLOVER | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of July, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR. by J. JOSHUA RIZZO, Atty. Reg. No. 0099218, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

MARVIN M. GLOVER, #A711-591, P.O. Box 57, Marion, Ohio 43302
        Defendant-Appellant, Pro Se

. . . . . . . . . . . .

HALL, J.

{¶ 1} Marvin M. Glover appeals pro se from the trial court's overruling of a motion to correct his sentence.

{¶ 2} Glover advances two assignments of error. First, he contends the trial court erred in imposing five years of mandatory post-release control for four counts of sexual battery, felonies of the third degree. He argues that he was subject to three years of post-release control on these counts. He also argues that the trial court should not have imposed five years of mandatory post-release control for two counts of rape of a child under age 10, felonies of the first degree. Second, he claims the trial court erred in filing a corrected judgment entry to reflect that the trial court, rather than a jury, found him guilty on the two counts of rape.

{¶ 3} The record reflects that Glover pled no-contest to three of the sexual battery counts in 2014. He also was found guilty following a bench trial on the remaining sexual battery count and on the two counts of rape. He was sentenced to 10 years to life in prison for each of the rape convictions and to 48 months in prison for each of the sexual battery convictions. All of the sentences were ordered to be served concurrently, and each sentence included five years of post-release control. The trial court's judgment entry incorrectly reflected that a jury had found Glover guilty on the rape counts and that he had pled no contest to all four of the sexual battery counts. This court affirmed on direct appeal, overruling assignments of error that did not address this misstatement in the judgment entry. *See State v. Glover*, 2d Dist. Montgomery No. 26523, 2016-Ohio-2749.

{¶ 4} In 2019, Glover filed a series of motions, including an August 9, 2019 "Motion for 'Sentencing.' " As relevant here, Glover argued that post-release control did not apply

to his first-degree felony rape convictions, which carried a sentence of 10 years to life in prison. He further argued that he was subject to only three years of post-release control for the sexual battery convictions. He also asserted that the original December 19, 2014 judgment entry incorrectly stated that he had been found guilty following a jury trial on the two counts of rape. Glover maintained that each of the foregoing issues rendered his entire sentence void, not merely voidable, and entitled him to a de novo sentencing hearing.

{¶ 5} The trial court rejected Glover's arguments. Citing R.C. 2967.28(B)(1), the trial court noted that five years of post-release control is required "[f]or a felony of the first degree or for a felony sex offense[.]" Glover's rape convictions were first-degree felonies and felony sex offenses. The sexual battery offenses were felony sex offenses. Therefore, the trial court found five years of post-release control to be proper. With regard to the original judgment entry referencing that a jury found Glover guilty of the two rape charges, the trial court found error. It acknowledged that he actually had been found guilty of the rape charges following a bench trial. The trial court filed a December 14, 2020 amended judgment entry making this correction.

{¶ 6} In his first assignment of error, Glover again asserts that he should have been subject to three years of post-release control for the sexual battery convictions. In the body of his argument, he also contends post-release control was not the proper supervision mechanism for the rape convictions. In support of his argument that five years of mandatory post-release control was "unauthorized" for his offenses, Glover cites R.C. 2967.28 and R.C. 2929.19(B).

{¶ 7} We note that R.C. 2929.19(B)(2)(d) obligates a trial court to notify an offender

that he "will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced, other than to a sentence of life imprisonment, for a felony of the first degree or second degree, [or] for a felony sex offense." In turn, R.C. 2967.28(B)(1) requires five years of post-release control for a first-degree felony or a felony sex offense.

{¶ 8} We need not dwell on the foregoing statutes, however, because each of Glover's challenges to post-release control is barred by res judicata. The Ohio Supreme Court recently made clear that sentencing errors merely render a sentence *voidable*, not *void*, if the sentencing court had jurisdiction over the case and the defendant. *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776. "A judgment or sentence is void only if it is rendered by a court that lacks subject-matter jurisdiction over the case or personal jurisdiction over the defendant." *Id*. at ¶ 34. Therefore, when a sentencing court has jurisdiction to act, sentencing errors "render the sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct appeal." *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 42. This rule applies equally to alleged errors regarding the imposition of post-release control. *Id*.

{¶ 9} Here the trial court had subject matter jurisdiction over Glover's case. *See Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, 131 N.E.3d 1, ¶ 8 ("[A] common pleas court has subject-matter jurisdiction over felony cases."). The trial court also had personal jurisdiction. *See Johnson v. Geauga Cty. Court of Common Pleas*, 11th Dist. Geauga No. 2014-G-3206, 2015-Ohio-210, ¶ 11 ("[P]ersonal jurisdiction exists when the defendant has been properly served with the indictment."). As a result, any challenge to Glover's sentence, including the trial court's post-release control sanctions, could be

raised only on direct appeal. Res judicata precludes him from doing so now. Accordingly, his first assignment of error is overruled.

{¶ 10} In his second assignment of error, Glover contends the trial court erred in filing a nunc pro tunc judgment entry correcting the erroneous statement that he had been convicted by a jury.[1]

{¶ 11} As noted above, the trial court's amended judgment entry noted that Glover had been found guilty on two counts of rape following a bench trial, not a jury trial. This is in fact what had occurred. Under Crim.R. 36, "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors arising from oversight or omission, may be corrected by the court at any time." The purpose of a nunc pro tunc entry under Crim.R. 36 is to record actions that actually were taken but not correctly recorded. *State v. Arnold*, 189 Ohio App.3d 238, 2009-Ohio-3636, 938 N.E.2d 45, ¶ 56-57 (2d Dist.). Here Glover actually had been convicted following a bench trial on the rape charges. The trial court did not err in filing an amended judgment entry to correctly reflect that fact. Accordingly, Glover's second assignment of error is overruled.

{¶ 12} The State notes, however, that Glover's bench trial also included one of the four sexual battery counts. The original 2014 judgment entry and the amended December 14, 2020 judgment entry incorrectly reflect that all four counts of sexual battery were disposed of by a no-contest plea. Consequently, we will remand the matter to the trial court to file a nunc pro tunc judgment entry reflecting that the conviction for sexual battery

---

[1] At times in his appellate brief, Glover appears to suggest that he pled no contest to all of the charges against him. (*See* Appellant's brief at p. 2, 6.) This is incorrect. The record reflects that he pled no contest to three of the sexual battery charges, and he had a bench trial on the other sexual battery charge and the rape charges. (*See* November 3, 2014 Transcript at 5-6.)

in count four resulted from a bench trial.

{¶ 13} Having overruled Glover's assignments of error, we affirm the trial court's judgment. We remand the case, however, for the filing of a nunc pro tunc judgment entry correcting the issue mentioned above.

. . . . . . . . . . . . .


DONOVAN, J. and EPLEY, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
J. Joshua Rizzo
Marvin M. Glover
Hon. Susan Solle